**EXHIBIT B**

Proposed Order

(Attached)

Case 3:19-bk-30289    Doc 47-2    Filed 07/03/19    Entered 07/03/19 13:19:50    Desc
Exhibit B    Page 1 of 8

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-30289 |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |

**INTERIM ORDER GRANTING EMERGENCY MOTION OF DEBTORS AND
DEBTORS-IN-POSSESSION FOR INTERIM AND FINAL ORDERS
(A) AUTHORIZING DEBTORS TO OBTAIN SECURED SUPERPRIORITY
POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 364(c)(1) AND 364(d)(1) AND
(B) SCHEDULING FINAL HEARING PURSUANT TO RULES 4001(b), 4001(c) AND 9014**

This matter came on for hearing on July 3, 2019 (the "Interim Hearing") on the *Motion of Debtors and Debtors-in-Possession for Interim and Final Orders (A) Authorizing Debtors and Debtors in Possession to Obtain Secured Superpriority Post-Petition Financing Pursuant to 11 U.S.C. §§ 364(c)(1) and 364(d) and (B) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b), 4001(c) and 9014,* dated July 3, 2019 (the "Motion") seeking an Interim Order and a Final Order, pursuant to Sections 364(c)(1) and (d) of the United States Bankruptcy Code, 11 U.S.C. §§

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908) and Revelation Energy, LLC (4605). The Debtors' headquarters are located at 1051 Main Street, Milton, West Virginia 25541-1215.

101-1532 ("Bankruptcy Code"),[2] Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 4001-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of West Virginia (the "Local Rules") for secured superpriority post-petition financing from Riverstone Credit Partners—Direct, L.P. (the "DIP Lender") secured by a senior lien under Sections 364(c) and (d) on the terms set forth in the attached Exhibit A (the "DIP Facility"); and upon the record of the Debtors' jointly administered chapter 11 cases (collectively, the "Case"), and this Court having held the Interim Hearing, and having considered all the pleadings filed with this Court and the record of the Interim Hearing and after due deliberation and consideration, and good and sufficient cause appearing therefor, and it appearing to be in the best interests of the Debtors' estates and creditors:

**IT IS HEREBY ORDERED THAT**

1. The Motion is hereby granted on an interim basis.

2. Pursuant to Sections 364(c)(1) and (d) of the Bankruptcy Code, the Debtors are authorized to borrow up to $5,000,000 on the terms set forth in Exhibit A and the term sheet attached hereto as Exhibit A is hereby approved.

3. Pursuant to Section 364(c)(1) of the Bankruptcy Code, the obligations under the DIP Facility shall constitute an allowed claim against the Debtors, with priority over any and all administrative expenses of the kind specified in Section 503(b) or 507(b) of the Bankruptcy Code.

4. Pursuant to Section 364(d) of the Bankruptcy Code, the DIP Facility shall be secured by a senior lien on all property of the Debtors' estates, including any property of the Debtors' estates that is subject to a lien; *provided*, *however*, the Debtors shall deposit $500,000, within two business days after entry of this order, in a separate escrow account for the exclusive benefit of the Debtors'

---

[2] Unless otherwise indicated, all "Section" references are to the Bankruptcy Code, all "Rule" references are to the Bankruptcy Rules and all "Local Rule" references are to the Local Rules.

professionals.

5. The Court shall retain exclusive jurisdiction to interpret and enforce this Order and the DIP Facility.

6. Within three (3) business days after the entry of this Order, the Debtors shall serve a copy of the Motion and this Order in accordance with the Bankruptcy Rules.

7. Any objection to approval of the DIP Facility from the DIP Lender on a final basis shall be (a) filed in accordance with the Court's CM/ECF procedures or in writing with the Clerk of the Court, by 4:00 p.m. E.S.T. on the date that is 7 days prior to the date of the Final Hearing (as defined below) (the "Objection Deadline"), and (b) served so as to be actually received by the following parties by the Objection Deadline: (i) the office of the United States Trustee; (ii) counsel to DIP Lender; (iii) counsel to the Debtors; (iv) counsel to the Debtors' other secured lenders, and (v) counsel to any Official Unsecured Creditors' Committee then appointed in the Case. The final hearing on the Motion (the "Final Hearing") shall be on _____, 2019 at _____ a.m./p.m. E.S.T.  This Order shall remain in effect until the Final Hearing.

# **Exhibit A**

## **DIP Loan Term Sheet**

TERM SHEET FOR EMERGENCY DEBTOR-IN-POSSESSION FINANCING

| Borrower: | Blackjewel, L.L.C., a Delaware limited liability company (the "Borrower" and together with its subsidiaries and certain affiliates, the "Debtors"). |
|---|---|
| Administrative Agent and Collateral Agent: | Riverstone Credit Partners – Direct, L.P. (the "Agent"). |
| Lender(s): | Riverstone Credit Partners – Direct, L.P. or its affiliates (collectively, the "DIP Lender"). |
| Amount: | A $5 million super-priority senior secured Debtor-in-Possession loan facility (the "DIP Facility" and the Loans thereunder, the "Loans"). |
| Availability: | The DIP Facility shall be available on a delayed-draw basis as necessary at the time of such drawing in accordance with the Budget attached as Exhibit A (the "Budget") |
| Maturity Date: | The DIP Facility shall mature on the date that is three (3) months after the Closing Date (as defined below) (the "Maturity Date"). |
| Interest Rate: | Drawn amounts under the DIP Facility shall bear interest at a rate equal to LIBOR plus 850 basis points. Undrawn amounts under the DIP Facility shall be charged an undrawn fee equal to 425 basis points. |
| Use of Proceeds: | The Loans shall be used exclusively to fund (i) the implementation of security measures at the Debtor's coal mines that are essential to the preservation and protection of the property and equipment located thereon, (ii) essential firefighting personnel to the extent required to extinguish the active fires at the Debtor's coal mines, (iii) professional fees of the Debtors' professionals in an amount not to exceed $500,000 (which amount shall be deposited, within two business days after entry of the Interim Approval Order (defined below), in a separate escrow account for the exclusive benefit of the Debtors' professionals), and (iv) other essential emergency expenses of the Debtors, all subject to the Budget. |
| Priority: | The DIP Facility shall be secured by valid, binding, enforceable, non-avoidable, automatically and properly perfected postpetition senior priming security interests and liens on all assets of the Debtors. The DIP Facility shall have allowed superpriority administrative expense claim status pursuant to sections 364(c)(1), 503(b) and 507(b) of the Bankruptcy Code against each of the Debtors, which shall be senior to all other administrative expenses or other claims, including those arising under sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 546(c), 546(d), 726, 1113, and 1114 of the Bankruptcy Code. |
| Conditions Precedent: | The availability of the DIP Facility shall be subject to the satisfaction of the following conditions precedent (the date of such satisfaction, the "Closing Date"):<br><br>(a) The Agent has received evidence satisfactory to it in its sole discretion that Jeff Hoops and any members of Mr. Hoops' family (Jeff Hoops and such employees, collectively the "Subject Employees") have (i) resigned or otherwise been removed in all capacities from each position held with the Debtors (including in his capacity as a board member of any such entities) and (ii) are no longer authorized to conduct business on behalf of the Debtors in any capacity, including by having access to any bank accounts of the Debtors or having the ability to act as signatory for, or otherwise bind the Debtors. |

|  |  |
|---|---|
|  | (b) Dave Beckman shall be the current acting Chief Restructuring Officer of the Debtors and shall be appointed as having the authority to undertake any action that the CEO of any of the Debtors would be authorized to take.<br><br>(c) Entry of an order, satisfactory in form and substance to the Agent and the DIP Lender, by the Bankruptcy Court approving the DIP Facility and this Term Sheet (the "Interim Approval Order").<br><br>(d) The Loans shall have been found to have been extended by the Lender and in good faith as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code, and are entitled to the full protection of section 364(e) of the Bankruptcy Code regardless of whether the Interim Approval Order is subsequently reversed, vacated, modified, or otherwise is no longer in full force and effect or the Debtors' Chapter 11 Cases are subsequently converted or dismissed.<br><br>(e) The Debtors shall take all reasonable efforts to secure the Debtors' business operations and to ensure that the Subject Employees and any other unauthorized personnel of the Debtors do not access or interfere with the business of the Debtors.<br><br>(f) No Event of Default (other than under clause (d) thereof) shall have occurred and be continuing.<br><br>(g) Any amount drawn from the DIP Facility shall be certified in writing by the Chief Restructuring Officer as necessary at such time in accordance with the Budget. |
| Affirmative Covenant: | Usual and customary for transactions of this type, including (the "Affirmative Covenants"):<br><br>The Borrower and its subsidiaries shall, upon the request of the Agent (which may be made at any time for any reason), provide the Agent with unlimited access to all (i) financial and other records and documentation of the Borrower and its subsidiaries pertaining to their respective businesses, (ii) properties of the Borrower and its subsidiaries and (iii) professionals and other advisors and employees of the Debtors. |
| Events of Default: | Usual and customary for transactions of this type, including:<br><br>(a) Non-Payment of principal or interest under the DIP Facility when due.<br><br>(b) A breach by the Debtors of the Affirmative Covenants.<br><br>(c) Either of the Interim Approval or the final order approving the DIP Facility of the Bankruptcy Court is subsequently reversed, vacated, modified, or otherwise is no longer in full force and effect. |

|  | (d) Any of the conditions precedent set forth above (which for purposes hereof, shall be tested anew at all times) shall cease to be satisfied at any time on or after the Closing Date. |
|---|---|
|  | (e) Failure of the Bankruptcy Court to enter a final order approving the DIP Facility on or before August 10, 2019. |