Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

Dated: July 22nd, 2019

Form D-1 (Revised 12/2009)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

| IN RE: | CASE NO. 3:19-bk-30289 |
|---|---|
| BLACKJEWEL L.L.C, | CHAPTER 11 |
| Debtor-in-Possession. | JUDGE FRANK W. VOLK |

**OPERATING ORDER**

The above-named Debtor(s) having filed a voluntary Chapter 11 petition in this District on 07/01/19, and the Debtor(s) being authorized to continue to operate the Debtor(s)'s business under the provisions of 11 U.S.C. § 1108 as the Debtor(s) in Possession and to retain the authority to make all necessary business decisions to facilitate reorganization, including the right to decide on insurance coverage and limits not contrary to enforceable commercial agreements, it is hereby

ORDERED as follows:

I.  INITIAL OPERATING REPORT

The Debtor(s) in Possession shall file, within fourteen (14) days after the date of the entry of this Order, a sworn Initial Operating Report.  The Initial Operating Report shall, at a minimum, state:  (1)  the estimated costs of operation for the thirty (30) days succeeding the filing of the bankruptcy petition;  (2)  the estimated cash balance increase or decrease or the profit or loss for the thirty (30) days succeeding the filing of the bankruptcy petition;  (3)  the amount of cash available for use in the operation of the business of the Debtor(s) in Possession;  (4)  an explanation as to how the Debtor(s) in Possession intends to fund the cost of operation for the thirty (30) days succeeding the filing of the bankruptcy petition;  (5) the location, identifying number and balance of all bank accounts, including those established pursuant to this Order;  (6) a statement of insurance coverage giving policy numbers, carriers and amounts of coverage for general liability, automobile, workers' compensation and any other coverage in force.  The Debtor(s) in Possession shall provide a copy of this report to the Assistant United States Trustee at Room 2025, Robert C. Byrd U.S. Courthouse, 300 Virginia Street, Charleston, West Virginia, 25301, and to the designated representative of the Creditors' Committee as soon as such Committee is formed and a representative designated to accept such reports.

II. MONTHLY OPERATING REPORT

The Debtor(s) in Possession shall file with the Court, within forty-five (45) days after the date of the

entry of this Order and not later than the twenty-first (21st) day of each month thereafter, a sworn written report of the operations and financial condition of the Debtor(s)' estate.  This report will differ from the Initial Operating Report and conform to the format outlined in the following paragraphs of this Order.  The Debtor(s) in Possession shall provide a copy of each report to the Assistant United States Trustee and to the designated representative of the Creditors' Committee.  All reports shall be filed on a calendar-month basis unless otherwise approved by the Court.

### A.   SELECTION OF REPORT FORMAT

The Debtor(s) in Possession must file Monthly Operating Reports in a timely fashion.  Proposed forms for filing Monthly Operating Reports will be sent to the Debtor(s) in Possession directly by the Assistant United States Trustee.  The Debtor(s) in Possession may propose alternative financial reporting which accurately reflects the operations and finances of the Debtor(s)'s estate if the alternative reporting is more cost effective to generate.  If reports are currently being generated by electronic data processing (EDP) methods that provide substantially the same information as the information requested by the Assistant United States Trustee, such reports may be filed in lieu of the forms provided by the Assistant United States Trustee.  Handwritten Monthly Operating Reports will be accepted from the Debtor(s) in Possession if acquiring outside accounting or typing services would unduly burden the estate.  Once a format is selected and approved, the Monthly Operating Reports should follow this format unless Court approval is obtained to change such format.

### B.   CONTENTS OF OPERATING REPORT

The Operating Report, if submitted in a format other than that requested by the Assistant United States Trustee, shall include:  (1)  a statement of total cash receipts and disbursements;  (2)  an income statement that reflects net operating income or loss for the monthly period;  (3)  a statement of the increase or decrease in cash for the reporting period, which may be stated in conjunction with the income, receipts and disbursements statements or separately;  (4)  an aging of accounts receivable;  (5)  an aging of post-petition accounts payable;  (6)  a statement of the tax withholding account, including the amounts placed in the account during the reporting period, the amounts paid over to each taxing authority, and a statement that discloses whether the taxes are being paid timely;  (7) a statement of post-petition payments to secured creditors, including the amounts paid and any arrearage accrued since the filing of the petition;  (8)  statements as to the general condition of the Debtor(s) in Possession's business, assets, inventory, insurance coverage, and any unusual occurrences that might affect the estate;  (9)  a copy of the most recent bank statement for each post-petition bank account.  The Operating Report shall be dated and signed under oath by the reporting officer, owner or partner.

## III.   NEW BOOKS OF ACCOUNT

(For further information regarding this requirement, contact the Office of the
Assistant United States Trustee at 304-347-3400.)

The Debtor(s) in Possession shall close out its books of account as of the close of business on the date of the filing of the bankruptcy petition, and shall open new books of account as of the opening of business on the next business day.  In the new books of account, the Debtor(s) in Possession shall cause to be kept proper accounts of its earnings, expenses, receipts, disbursements and all obligations incurred and transactions had in

the operation of the business and the management, preservation and protection of the property of the estate. The Debtor(s) in Possession shall preserve proper vouchers for all payments made on account of such disbursement. The Debtor(s) in Possession shall request a statement for all bank accounts from the banking institution where each account is located to reflect the cash balances in the accounts as of the date of the petition. **Upon the filing of the petition, the Debtor(s) in Possession shall reconcile existing bank accounts to determine the correct balance thereof as of the date of the filing of the bankruptcy petition**. The Debtor(s) in Possession is hereby authorized to make payments and to draw all checks necessary to the ordinary conduct of its business, and to maintain its existing bank accounts or open new accounts in compliance with the provisions of 11 U.S.C. § 345. The Debtor(s) in Possession is not required to place on its bank accounts or checks any identification, such as "DIP", or other designation to indicate its bankruptcy filing status.

IV.     SEPARATE TAX ACCOUNTS

After the filing, the Debtor(s) in Possession is directed and required to segregate and hold separate and apart from all other funds all monies withheld from employees for Federal 941 taxes, including social security taxes, monies withheld for state or local income taxes, monies collected from others for Federal or state excise taxes and state or local sales taxes, or any other tax where money was actually withheld or collected from others, and forthwith to deposit the monies so withheld or collected in a separate bank account, and at the same time shall deposit in such account the Debtor(s)'s share or contribution required for such withheld or collected taxes. The Debtor(s) in Possession shall retain such funds in a separate bank account and shall timely pay over those taxes as they become due to the proper taxing authorities, obeying all Federal, state and local depository requirements that may require sums to be deposited with the taxing authority as they accrue. Copies of Federal tax deposit forms shall be transmitted to the District Director of the Internal Revenue Service to the attention of the Chief, Special Procedures.

V.      EMPLOYMENT OF PRINCIPALS AND PROFESSIONALS

The Debtor(s) in Possession shall not, prior to confirmation of a plan of reorganization, compensate or remunerate itself, or any of its partners, officers, directors or shareholders, in any manner without prior written approval of this Court. The application for approval should set forth the name and proposed position of the individual sought to be employed, along with a detailed description of the duties the individual is to perform, the number of hours each week the individual will devote to those duties, and the reasons why employment of the individual is necessary to the successful reorganization of the Debtor(s). The application should also set forth the amount of compensation sought on a weekly or monthly basis and disclose all perquisites, benefits, and consideration of any kind the individual is to receive. For example, use of company vehicles, payment of life or health insurance premiums, or reimbursement of expenses should be disclosed. The application should disclose the individual's salary history for the year immediately preceding the filing of the Chapter 11 petition, and shall be under oath. The Debtor(s) in Possession is also advised that professional persons, such as accountants, attorneys, appraisers, and auctioneers may be employed and compensated only upon application to, and approval by this Court. All applications for employment of principals and professionals must be served upon the Assistant United States Trustee.

VI.     RESTRICTIONS ON ACTIVITIES OF THE DEBTOR(S) IN POSSESSION

The Debtor(s) in Possession may not use cash collateral, obtain credit, or use, sell or lease property of the estate out of the ordinary course of business without seeking permission of the Court, after notice to certain creditors. Cash collateral is cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents in which the estate and an entity other than the estate have a security interest. Requests to the Court for permission to engage in the restricted activities must be in the form prescribed by the Bankruptcy Rules. Bankruptcy Rule 4001 governs cash collateral and obtaining credit; Bankruptcy Rule 6004 governs use, sale or lease of property of the estate.

VII.    DUTY TO FILE REPORT UPON FAILURE TO FILE A PLAN

In the event that the Debtor(s) in Possession fails to file a plan of reorganization pursuant to 11 U.S.C. § 1121, within 120 days after the filing of the petition, the Debtor(s) in Possession shall, in compliance with 11 U.S.C. § 1106(a)(5), file a report with the Court indicating: (1) why a plan has not been filed; and (2) whether a plan will be filed; or (3) whether and why the Debtor(s) in Possession believes dismissal, conversion or continuance of the case under Chapter 11 to be in the best interests of creditors. It is further

ORDERED that copies of this Order shall be provided to the Debtor(s) in Possession, counsel for the Debtor(s) in Possession, and the Assistant United States Trustee. Counsel for the Debtor(s) in Possession shall review the requirements of this Order with the principal officer of the Debtor(s) in Possession and with the accountant for the Debtor(s) in Possession.

o:\bk\forms\Ch.11\operating order