

Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

Dated: July 22nd, 2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-30289 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

**INTERIM ORDER, (I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE INSURANCE COVERAGE ENTERED INTO
PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO,
INCLUDING PREMIUM FINANCING, AND (B) RENEW, SUPPLEMENT, OR
PURCHASE INSURANCE POLICIES; (II) AUTHORIZING BANKS TO HONOR AND
PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED
THERETO; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a) and 363 of the Bankruptcy Code, and Bankruptcy Rule 6004(h): (a) authorizing, but not directing, the Debtors to (i) continue insurance coverage entered into prepetition and satisfy prepetition obligations related thereto, including premium financing, and (ii) renew, supplement, or purchase insurance policies in the ordinary course of business; (b) authorizing and directing banks to honor and process check

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908) and Revelation Energy, LLC (4605). The headquarters for each of the Debtors is located at 1051 Main Street, Milton, West Virginia 25541-1215.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and electronic transfer requests related to the foregoing; and (c) granting related relief; and upon the record of the hearing on this Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances; and this Court having found that good and sufficient cause exists for the relief granted by this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to maintain the Insurance Policies in the ordinary course of business and to pay any prepetition and postpetition obligations related to the Insurance Policies including, without limitation, paying, honoring, or otherwise satisfying premiums, claims, deductibles, retentions, retrospective adjustments, premium financing fees and amounts owed under the Premium Financing Agreements, and any other obligations on account of the Insurance Policies (the "Insurance Obligations"), that were due and payable or related to the period prior to the Petition Date or that become due and payable and relate to the period after the Petition Date.

3. In the event any of the Insurance Policies lapse or new coverage is required or necessary, the Debtors are authorized, but not directed to revise, renew, extend, supplement or change insurance coverage (including through obtaining "tail" coverage) on a postpetition basis; *provided*, that the Debtors shall only enter into new insurance agreements to the extent consistent with the ordinary course of their business.

4. The Banks are authorized to receive, process, honor, and pay any and all checks drawn on, or electronic transfer requests from, their accounts, to the extent such checks or requests are expressly identified by the Debtors as related directly to Insurance Obligations, provided that sufficient funds are available in the applicable bank accounts to make such payments.

5. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Banks shall not have any liability to any party for relying on such representations.

6. The Final Hearing shall be held on July 31, 2019 at 1:30 p.m. (prevailing Eastern Time). Any objections or responses to entry of the proposed Final Order shall be filed with the Clerk of this Court on or before 4:00 p.m. (prevailing Eastern Time) on July 24, 2019, and served on the following parties: (a) the Office of the United States Trustee, 300 Virginia Street East, Room 2025, Charleston, West Virginia 25301, Attn: David L. Bissett (David.L.Bissett@usdoj.gov); (b) proposed counsel to the Debtors, Squire Patton Boggs (US) LLP, 201 E. Fourth Street, Suite 1900, Cincinnati, Ohio 45202, Attn: Stephen D. Lerner (stephen.lerner@squirepb.com); (c) proposed co-counsel to the Debtors, Supple Law Office PLLC, 801 Viand Street, Point Pleasant, West Virginia 25550, Attn: Joe Supple (supplelawoffice@yahoo.com); (d) counsel to Riverstone Credit Partners – Direct, L.P., Bailey & Glasser LLP, 209 Capitol Street, Charleston, West Virginia 25301, Attn: Kevin W. Barrett (kbarrett@baileyglasser.com); (e) counsel to United Bank, Inc., Steptoe & Johnson PLLC, P.O. Box 1588, Charleston, West Virginia 25326-1588, Attn: Joseph G. Bunn (joseph.bunn@steptoe-johnson.com) and (f) proposed counsel to the Creditors' Committee, Whiteford Taylor & Preston, LLP, 10 S. Jefferson Street, Suite 1110, Roanoke, Virginia 24011, Attn: Brandy M. Rapp (brapp@wtplaw.com).

010-8799-3670/7/AMERICAS

7. In the event no objections to entry of the proposed Final Order are timely received, the Court may enter the proposed Final Order without need for the Final Hearing.

8. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission regarding the validity or amount of any claim against the Debtors; (b) a waiver of the Debtors' rights to subsequently dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

9. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

10. The notice of the relief requested in the Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Order.

12. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Presented By:

/s/ Joe M. Supple
Joe M. Supple (W.Va. Bar No. 8013)
SUPPLE LAW OFFICE, PLLC
801 Viand Street
Point Pleasant, WV 25550
304-675-6249
joe.supple@supplelaw.net

010-8799-3670/7/AMERICAS

- and –

Stephen D. Lerner
Nava Hazan
Travis A. McRoberts
SQUIRE PATTON BOGGS (US) LLP
201 E. Fourth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
nava.hazan@squirepb.com
travis.mcroberts@squirepb.com

*Proposed Counsel for the Debtors*