IN THE UNITED STATES BANKRUPTCY COURT
FOR SOUTHERN DISTRICT OF WEST VIRGINIA (CHARLESTON)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKJEWEL L.L.C., et al., | ) | Case No. 3:19-bk-30289 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

ORDER GRANTING
AMENDED EMERGENCY MOTION (I) FOR AN ORDER FINDING THAT THE
DEBTORS HAVE NO INTEREST IN THE EXECUTORY CONTRACT; AND
(II) FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

This matter came before the Court on Westar Energy, Inc.'s Amended Emergency

Motion (I) for an Order Finding That the Debtors Have No Interest and Therefore Cannot

Assume or Reject the Executory Contracts; and (II) for an Order Granting Relief from the

Automatic Stay (the "Motion").

The Court having held a hearing on the Motion; having considered all the pleadings filed

in connection  therewith; and after due deliberation and consideration finds: (1) Debtors have no

interest in the Coal Supply Agreement; (2) that the Coal Supply Agreement is not property of the

estate; and (3) Westar Energy, Inc. ("Westar Energy") is entitled to relief from the automatic

stay, to the extent the automatic stay is applicable to pursue its rights under the Coal Supply

Agreement which may include, but is not limited to: (a) terminating the Coal Supply Agreement,

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0821); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); and Revelation Energy, LLC (4605). The headquarters for each of the Debtors is located at 1051 Main Street, Milton, West Virginia 25541-1215.

1

11876657.1

and (b) ceasing performance of all obligations of the Buyer to the Seller under the Coal Supply

Agreement, accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.  The Motion **is GRANTED**.

2.  Westar Energy is granted relief from relief from stay, to the extent the automatic stay is

applicable to pursue its rights under the Coal Supply Agreement which may include, but is not

limited to (a) terminating the Coal Supply Agreement, and (b) ceasing performance of all

obligations of the Buyers to the Seller under the Coal Supply Agreement.

3.  The 14-day stay of effectiveness is waived granting relief from the automatic stay.


Submitted by:

*/s/ Stephen L. Thompson*
Stephen L. Thompson, Esq. (WVSB# 3751)
Barth & Thompson
P.O. Box 129
Charleston, West Virginia  25321
Telephone: 304-342-711
Facsimile:  304-342-6215
E-mail:  sthompson@barth-thompson.com

and

Sharon L. Stolte (MO #41133)
Sandberg Phoenix & von Gontard P.C.
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
Telephone:  816-627-5543
Facsimile:  816-627-5532
Email:  sstolte@sandbergphoenix.com
*COUNSEL FOR WESTAR ENERGY, INC.*
*et al.,*

2

11876657.1