Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: August 13th, 2019**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-30289 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

## CONDITIONAL FINAL ORDER APPROVING DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTORS TO OBTAIN FINAL POSTPETITION FINANCING FROM RIVERSTONE CREDIT PARTNERS

This matter came on for hearing on August 5, 2019 and August 6, 2019 (the "Final Hearing") on the *Debtors' Emergency Motion for an Order Authorizing Debtors to Obtain Interim Postpetition Financing From Riverstone Credit Partners*, dated July 3, 2019 (the "Riverstone DIP Motion") seeking an Interim Order and a Final Order, pursuant to Sections 364(c)(1) and (d) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of West Virginia (the "Local Rules") approving secured superpriority post-petition financing from

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at 1051 Main Street, Milton, West Virginia 25541-1215.

Riverstone Credit Partners—Direct, L.P. (the "DIP Lender") secured by a senior lien under Sections 364(c) and (d) on the terms set forth in Exhibit A to the Riverstone DIP Motion (the "DIP Facility"); and upon the record of the Debtors' jointly administered chapter 11 cases (collectively, the "Case"), and this Court having held the Final Hearing, and having considered all the pleadings filed with this Court and the record of the Final Hearing and after due deliberation and consideration, and good and sufficient cause appearing therefor, and it appearing to be in the best interests of the Debtors' estates and creditors:

**IT IS HEREBY ORDERED THAT**

1. The Riverstone DIP Motion is hereby conditionally granted on a final basis.

2. Pursuant to Sections 364(c)(1) and (d) of the Bankruptcy Code, the Debtors are authorized to borrow up to $5,000,000 – of which $3,000,000 has been funded – on the terms set forth in Exhibit A to the Riverstone DIP Motion and the term sheet attached to the Riverstone DIP Motion is hereby conditionally approved on a final basis.

3. Pursuant to Section 364(c)(1) of the Bankruptcy Code, the obligations under the DIP Facility shall constitute an allowed claim against the Debtors, with priority over any and all administrative expenses of the kind specified in Section 503(b) or 507(b) of the Bankruptcy Code.

4. Pursuant to Section 364(d) of the Bankruptcy Code, the DIP Facility shall be secured by a senior lien on all property of the Debtors' estates, including any property of the Debtors' estates that is subject to a lien; provided, however, that the Debtors deposited $500,000, within two (2) business days after entry of the Interim Order, in a separate escrow account for the exclusive benefit of the Debtors' professionals.

5. Provided that all obligations under the DIP Facility are paid in full in immediately available funds on or before August 15, 2019, the Order shall automatically become final without

further action by the Court or any other party upon such repayment in full, and all objections to the final approval of the DIP Facility are overruled effective as of the finality of this Order. If all obligations under the DIP Facility are not paid in full by such date, this Order shall be deemed to be a further interim order, all objections to the granting of final approval of the DIP Facility shall be preserved, and the Debtors shall promptly notice a further final hearing on the DIP Facility.

6. The Court shall retain exclusive jurisdiction to interpret and enforce this Order and the DIP Facility.

7. Within three (3) business days after the entry of this Order, the Debtors shall serve a copy of this Order in accordance with the Bankruptcy Rules.

Presented By:

Joe M. Supple (W.Va. Bar No. 8013)
SUPPLE LAW OFFICE, PLLC
801 Viand Street
Point Pleasant, WV 25550
Telephone: 304-675-6249
joe.supple@supplelaw.net

- and –

*/s/ Stephen D. Lerner*
Stephen D. Lerner
Nava Hazan
Travis A. McRoberts
SQUIRE PATTON BOGGS (US) LLP
201 E. Fourth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
nava.hazan@squirepb.com
travis.mcroberts@squirepb.com

*Proposed Counsel for the Debtors and Debtors in Possession*