## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| IN RE: | Bankruptcy No. 19-30289 |
|---|---|
| BLACKJEWEL, L.L.C., *et al..*, | Chapter 11 |
| Debtors[1] | (Jointly Administered) |

## FIFTH THIRD BANK'S OBJECTION AND RESPONSE TO DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING THE SALE OF PAX ASSETS TO CONTURA ENERGY, INC. FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

Creditor and party in interest, Fifth Third Bank ("Fifth Third"), by and through its undersigned counsel, Bernstein-Burkley, P.C., hereby files this *Objection and Response to Debtors Motion for Entry of Order Approving The Sale of Pax Assets to Contura Energy, Inc. Free and Clear of Lien, Claims and Encumbrances* (the "Objection"), and states in support thereof as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of West Virginia (the "Court") has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of this Objection is proper in this district under 28 U.S.C. §§ 1408 and 1409(a).

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer Identification number are as follows:  Blackjewel, L.L.C. (0823); Blackjewel Holdings, L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908) and Revelation Energy, LLC (4605), Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024) and Cumberland River Coal LLC (2213)**.** The headquarters of each Debtor is located at 1051 Mail Street, Milton, West Virginia 25541-1215.

## **BACKGROUND**

2.       Pursuant to certain loans made by Fifth Third to Revelation Energy, LLC ("Revelation"), Fifth Third has a lien on (i) a 2008 Terex highwall miner (the "Highwall Miner"); (ii) Revelation's accounts receivables and inventory; and (iii) Revelation Holdings, LLC's accounts receivables and inventory (collectively, the "Fifth Third Collateral").

3.       On July 1, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code").

4.       On July 25, 2019, the Debtors filed a Motion for the entry of an Order approving bid procedures, scheduling an auction and sale hearing, and other related relief and for an order approving the sale of the purchased assets free and clear of liens [Doc. No. 312] (the "Sale Motion") (the proposed sale of the assets in the Sale Motion, the "Sale").

5.       Also on July 25, 2019, the Court held a hearing on the Sale Motion and the Court granted all requested relief [Doc. No. 336]. Over Objections of various parties, the Court entered the corresponding Order on July 26, 2019 [Doc. No. 356] (the "Bidding Procedures Order").

6.       Following the completion of the auction, on August 5 and 6, 2019, the Court held a hearing on the proposed combined sale of the Pax Assets and Western Assets to Contura.  Over Objections of various parties, the Court approved the sale of the Pax and Western Assets to Contura.  [Doc. No. 608].

7.       Due to unresolved issues between the Debtors and the federal government related to the Western assets, the Debtors and Contura have now elected to split that combined sale into two separate sales with two separate closings – one for the Pax Assets and a second for the Western Assets, if the issues with the federal government are resolved.

8.      The Debtors filed their Motion for Entry of Order Approving the Sale of Pax Assets to Contura Energy, Inc. Free and Clear of Liens, Claims and Encumbrances (the "Pax Sale Motion") [Doc. No. 835] on August 22, 2019.

9.      The Court has scheduled a hearing on the Pax Sale Motion for August 28, 2019.

10.     Fifth Third is a direct creditor of two of the Debtors identified as "Sellers" in the Pax Sale Motion and attached Proposed Asset Purchase Agreement (the "Pax APA"), Revelation Energy, LLC and Revelation Energy Holdings, L.L.C. (collectively, the "Revelation Debtors").

11.     Fifth Third may also be a creditor of other Debtors once it can be determined whether any of Fifth Third's collateral has been transferred to or used by other Debtors.

12.     As a creditor of the Revelation Debtors, Fifth Third also has an interest in the potential recovery by the Revelation Debtors of claims they hold against other Debtors or non-Debtor parties.

## OBJECTION TO SALE

13.     Fifth Third objects to release of Contura contained in the proposed Sale of the Pax Assets because the extremely broad "Seller Releases" proposed to be granted by Debtors to Contura at paragraph HH of the Proposed Pax Sale Order and Section 8.8 of the Proposed Pax APA are improper, unwarranted and contrary to law.

14.     The Proposed Pax Sale Order (attached as Exhibit A to the Pax Sale Motion at Doc. No. 835-1) and the Proposed Pax APA (attached as Exhibit B to the Pax Sale Motion at Doc. No. 835-2), provide for extraordinarily broad releases of liability to be granted to Contura by the Sellers in connection with the sale of the Pax Assets.  [*See* ¶ HH of Exhibit A to Doc. No. 835; Section 8.8 of Exhibit B to Doc. No. 835].

15.     In summary, the Debtors proposed to grant Contura and its Affiliates the broadest release of liability possible if they purchase the Pax Assets: "irrevocably and absolutely releasing and forever discharging" Contura and its Affiliates from "any and all claims…" whether "known or unknown," "now existing or hereafter arising," based upon "any act or omission," in any way related to the Retained Assets or the Retained Liabilities, or "otherwise existing or taking place at any time on or before the Closing arising out of or in any way related to the Seller, the Seller's subsidiaries (if any), the Seller's bankruptcy estates, the Chapter 11 Cases or the bankruptcy estates and bankruptcy cases, if any, of any of the Seller's Subsidiaries." *(Id.)*

16.     Nowhere do the Debtors, the estate professionals or Contura provide the Court with any evidence as to why such a broad release is legal or applicable or should be considered "customary" for a buyer under these circumstances.

17.     In an preemptive effort to bolster the Pax Sale Motion and the proposed Seller Releases, the Debtors state, without any support on the record, that: (a) Contura "expressly negotiated to receive the protection of the Debtors;" (b) the terms of the Seller Releases are fair and reasonable and in the best interest of the Debtors, their estates and creditors; (c) the provision by the Debtors of the Seller Releases is a reasonable exercise of sound and prudent business judgment; and (d) Contura would have paid substantially less consideration for the Pax Assets, or would not have purchased them at all, if the Seller was not providing the Seller Releases as a component of the Sale. [Doc. No. 835-1 at ¶ HH].

18.     It is simply not true that Contura expressly negotiated to receive the Seller Releases. Contura's own counsel, Damian Shaible, Esq., contradicted this assertion during the Court's hearing on the original combined Pax/Western Assets Sale Motion when he represented to the Court that Contura did not request the Seller Releases.   Rather, the Seller Releases were

unilaterally included in the proposed agreement by Contura's counsel because it believed such releases to be customary.

19. Aside from assertions of counsel, neither the Debtors, nor Contura, placed any testimony or evidence on the record before this Court to support the assertions that the Seller Releases are fair, reasonable and in the best interest of creditors, or that the provision of same is a reasonable exercise of sound business judgment.

20. Neither the Debtors, nor Contura, placed any testimony or evidence on the record that would allow Fifth Third, or any other creditor, to identify and value any potential claims against Contura that are proposed to be released via the Seller Releases. Thus, Fifth Third and the other creditors are unfairly prejudiced in their ability to make an educated evaluation of the Seller Releases that are proposed as part of the Pax Asset Sale.

21. Again, Attorney Schaible's aforementioned representations to this Court also refute the assertion that Contura would have paid substantially less consideration for the Pax Assets, or would not have purchased them at all, if the Seller Releases were not being provided. The record before this Court indicates that the Seller Releases were not a negotiated term of the Pax Asset Sale and therefore, the record before this Court provides no support for this proposed finding.

22. Without an approved Chapter 11 Plan Disclosure Statement or a Plan itself, and without sufficient time and opportunity to conduct investigation and discovery, it is impossible for Fifth Third, other creditors (or the Court) to know what lurking claims and causes of action the Debtors and its estate professionals intend be cleansed by the broad, unlimited Seller Release.

23. At the Section 341 meeting of creditors, the Debtors disclosed that Blackjewel, LLC assumed hundreds of millions of dollars in reclamation liability from Contura in connection

with a 2017 transaction in which the Blackjewel paid Contura zero consideration for two mines that are now included in the Western Assets.

24.    Fifth Third has requested, and the Debtors have agreed to provide, additional information regarding the valuation of those reclamation liabilities and the amount and price of all coal purchased by Contura from Blackjewel after the 2017 Blackjewel/Contura transaction.  As of the date this Objection was filed, Fifth Third had not yet received that information.

25.    Some or all of the entities included as Sellers in the Pax Asset Sale may have claims against Contura arising out of the 2017 Blackjewel/Contura transaction, but absent a meaningful opportunity to conduct discovery and sufficient time to evaluate the information obtained, Fifth Third and the other creditors are unable to say with certainty what those claims are or how much they may be worth.

26.    Even if there was any hint of the nature and value of these claims and causes of action to the estate, the Sellers have given no indication whatsoever in the Pax Sale Motion, Proposed Pax Sale Order or Proposed Pax APA as to the value being paid by Contura for these extraordinarily broad Seller Releases.

27.    Thus, there is no possible way that Fifth Third, other creditors, or the Court can perform a proper evaluation of the value of those claims or the benefits of the proposed Seller Releases to any estate.

28.    This attempted Seller Release, in and of itself, should preclude any finding of good faith in the Pax Sale Motion, whether to support §363(m) or otherwise.

WHEREFORE, for the reasons set forth herein, Fifth Third respectfully requests that this Court sustain this Objection and deny the proposed Sale of the Pax Assets to the extent such sale would include the currently overbroad Seller Releases.

Date:  August 27, 2019                          Respectfully submitted,

                                                BERNSTEIN-BURKLEY, P.C.

                                                By:/s/ *Kirk B. Burkley*
                                                Kirk B. Burkley, Esq.
                                                WV I.D.: 11767
                                                Robert S. Bernstein, Esq.
                                                WV I.D.: 4708
                                                707 Grant Street, Suite 2200, Gulf Tower
                                                Pittsburgh, PA 15219
                                                Phone: (412) 456-8108
                                                Fax:    (412) 456-8135
                                                Email:  kburkley@bernsteinlaw.com

                                                *Counsel for Fifth Third Bank*

## <u>CERTIFICATE OF SERVICE</u>

I, Kirk B. Burkley, hereby certify that the foregoing *Objection and Response to Debtors Motion for Entry of Order Approving The Sale of Pax Assets to Contura Energy, Inc. Free and Clear of Lien, Claims and Encumbrances* was filed and served via the Court's CM/ECF system, as well as the parties listed below pursuant to the Notice Requirements in the Order Approving Bidding Procedures [Doc. No. 356] on August <u>27</u>, 2019.

**By First Class Mail:**

Blackjewel, L.L.C.
1051 Main Street
Milton, WV 22541
Attn: David J. Beckman

**Via E-mail Notification:**

Stephen D. Lerner – Debtors' Co-Counsel
Stephen.lerner@squirepb.com

Joe M. Supple – Debtors' Co-Counsel
info@supplelaw.net, supplelawoffice@yahoo.com

Kevin W. Barrett – Counsel to Riverstone Credit Partners – Direct, L.P.
kbarrett@baileyglasser.com

Joseph G. Bunn on behalf of Creditor United Bank
joseph.bunn@steptoe-johnson.com

David L. Bissett on behalf of U.S. Trustee United States Trustee
David.L.Bissett@usdoj.gov

Jacob Alderstein – Counsel to Highbridge Capital Management
jalderstein@paulweiss.com

Angela Libby – Counsel to Contura
angela.libby@davispolk.com

Damian Schaible – Counsel to Contura
damian.schaible@davispolk.com

Brandy M Rapp – Creditors' Committee Counsel
brapp@wtplaw.com

By:/s/ *Kirk B. Burkley*
Kirk B. Burkley, Esq.