**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-30289 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

**DEBTORS' OBJECTION TO THE MOTION OF EMPLOYEE PLAINTIFFS FOR**
**ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION**
**WAGES, EMPLOYEE BENEFITS, AND OTHER ASSOCIATED OBLIGATIONS**

Blackjewel, L.L.C., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby submit this objection to the *Motion of Employee Plaintiffs for Entry of an Order Authorizing the Debtors to Pay Prepetition Wages, Employee Benefits, and Other Associated Obligations* [Doc. No. 556] (the "Motion to Compel") filed by the plaintiffs in the adversary proceeding styled, *Shawn Abner, et al. v. Blackjewel, L.L.C., et al.*, administered at Case No. 19-AP-03003 (the "Plaintiffs").  In support of the Objection, the Debtors respectfully states as follows:

**PRELIMINARY STATEMENT**

1.    As the Court knows, these chapter 11 cases were commenced under incredibly difficult circumstances.  Because of a series of events shortly before the Petition Date (as defined below) and after, the Debtors were unable to secure the debtor in possession financing necessary to sustain their operations and pay certain prepetition employee wages, benefits and associated obligations (collectively, the "Prepetition Wages").  The Debtors are acutely aware of the hardship

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213).  The headquarters for each of the Debtors is located at 1051 Main Street, Milton, West Virginia 25541-1215.

their inability to pay has caused their employees and are focused on doing everything possible to address and remedy the situation.  The fact remains, however, that the Debtors simply do not have the ability or financial wherewithal to satisfy their employees' claims for Prepetition Wages at this time.[2]

2.       Notwithstanding the Debtors' inability to do so, in what purports to be an innocent request for payment of Prepetition Wages, the Plaintiffs are making the extraordinary and legally unsupported request that this Court ***compel the Debtors to satisfy unsecured, prepetition wage claims***.  While, again, the Debtors are sympathetic to the request, at this time and under the current circumstances there is simply no basis to justify compelling the Debtors to satisfy claims for Prepetition Wages ahead of senior or other similarly situated creditors.[3]  More specifically, granting the request of a non-Debtor third-party to compel the payment of claims for Prepetition Wages would, under the current circumstances, offend the priority scheme set forth in the Bankruptcy Code and the "doctrine of necessity," and circumvent the automatic stay by allowing a third-party to force collection on a prepetition debt.

---

[2] To retain as many of their employees as possible and to minimize the impact of the filings on the employees, the Debtors sought authority, but not direction, to pay Prepetition Wages in the *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing (I) Payment of Prepetition Employee Wages, Salaries, and Other Compensation; (II) Reimbursement of Prepetition Employee Business Expenses; (III) Payment of Prepetition Tax and Other Withholdings to Third Parties; (IV) Contributions to Prepetition Employee Health and Other Benefit Programs and Continuation of Such Programs; (V) Payment of Workers' Compensation Obligations and Other Insurance Premiums; (B) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto; and (C) Granting Related Relief* [Docket No. 6].  On July 3, 2019 and August 9, 2019, respectively, this Court entered an interim order (the "Interim Order") and a final order (the "Final Order") that authorized, but not obligated, payment of prepetition wages, salaries, and commissions that accrued prepetition.  *See* Docket No. 59 and 626.  Despite the Debtors' initial intentions and the Court's authorization, but not direction, to make payments related to the Prepetition Wages, the circumstances of these cases prevented the Debtors from applying their limited funds towards satisfaction of the Prepetition Wages.

[3] As a threshold matter, the Plaintiffs have requested the Debtors be ordered to satisfy unpaid Prepetition Wages that were incurred between June 10, 2019 and July 5, 2019.  As the Court is aware, the Debtors suspended operations and furloughed their employees on the Petition Date.  Accordingly, what, if any, wages could be due for the period between the Petition Date and July 5, 2019 is unclear.

3.      Given the Debtors' current financial condition, the Debtors believe that immediate payment of the Prepetition Wages is not in the best interest of their estates, creditors and other stakeholders and that compelling immediate payment would be extremely detrimental to these chapter 11 cases.  Accordingly, the Debtors request that the Court deny the relief requested in the Motion to Compel.

## BACKGROUND

4.      Each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code on July 1, 2019 or July 24, 2019 (the "Petition Date").  The Debtors are continuing to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      As of the date hereof, no party has requested the appointment of a trustee or an examiner in these chapter 11 cases.  On July 3, 2019, the Office of the United States Trustee for Region 4, the District of West Virginia, appointed an official committee of unsecured creditors [Docket No. 46].

## OBJECTION

6.      As set forth above, the Debtors understand that the nonpayment of certain Prepetition Wages has placed great hardships on their employees.  This is extremely regrettable and something the Debtors hope to be able to remedy during the pendency of these cases under the right circumstances and when sufficient funds are available.  However, by the Motion to Compel, the Plaintiffs are now seeking an improper pre-plan satisfaction of prepetition unsecured claims.  To the extent the Motion to Compel is granted, under the current circumstances facing the Debtors, it would (i) violate Bankruptcy Code section 507(a), (ii) improperly apply the doctrine of necessity, and (iii) inappropriately circumvent the automatic stay.  In addition, Plaintiffs do not

3

have standing to seek relief on behalf of any employees other than Plaintiffs themselves.  No class

has been certified and, thus, Plaintiffs cannot act on behalf of all employees generally.

7.       Under a plan of reorganization or liquidation, the Bankruptcy Code explicitly

accords priority among unsecured creditors' claims to unpaid "wages, salaries, or commissions,"

and "contributions to an employee benefit plan" earned within 180 days before the date of filing

of the petition.  11 U.S.C. §§ 507(a)(4) and (5).  No other provision of the Bankruptcy Code affords

prepetition general unsecured claims for unpaid wages administrative or priority status in a

bankruptcy case.  At best, the Plaintiffs have priority among unsecured creditors pursuant to

section 507(a), which does not provide a basis for compelling pre-plan payment of the Prepetition

Wages.

8.       Similarly, the Plaintiffs incorrectly rely on the "doctrine of necessity" as the basis

for compelling the Debtors to pay the Prepetition Wages long before consummation of a plan.  The

"doctrine of necessity" or the "necessity of payment" rule has long been utilized by debtors and

recognized by courts as a basis for ***authorizing (but not directing)*** pre-plan payment of prepetition

claims.  *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding

that "[t]his rule recognizes the existence of the judicial power to authorize a debtor in a

reorganization case to pay prepetition claims where such payment is essential to the continued

operation of the debtor").[4]

9.       Notably absent from these cases, however, is any authority for a bankruptcy court

exercising its judicial powers at the request of a non-debtor third party to compel a debtor to satisfy

---

[4] *See also In re Just For Feet*, 242 B.R. 821, 824–25 (D. Del. 1999) (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization"); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a] general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment.").

prepetition unsecured claims.  Indeed, there is no precedent that allows an interested third party to decide what is essential to the debtors' continued operation in contravention of the debtors' business judgment.  Compelling a debtor to make pre-plan payments to unsecured prepetition claims that would be harmful to its estate is contrary to the purpose of the doctrine of necessity, which is intended minimize the impact of a filing on a business and to allow chapter 11 debtors to operate the business as a going concern.

10.      Moreover, bankruptcy courts recognize that allowing a creditor to compel payment of prepetition claims under the doctrine of necessity would contravene the Bankruptcy Code's goals of equal treatment.  *See In re CoServ, LLC*, 273 B.R. at 494 ("[t]he goal of equal treatment in liquidation or under a plan suggests Congress would not countenance use by a general unsecured prepetition creditor of a 'critical' position to force payment of a prepetition debt."); *In re Structurlue Plastics Corp.*, 86 B.R. 922, 932 (Bankr .S.D.Ohio 1988) ("Selective repayment [sic] of pre-petition debt should not be authorized as a result of threats or coercion by disgruntled creditors.  Such activity is violative of the automatic stay imposed by 11 U.S.C. § 362(a) and, if tolerated, would negate the fundamental principle of equality of treatment among similarly situated creditors.").

11.      Finally, as the Court knows, under section 362(a) of the Bankruptcy Code, "a petition filed under [chapter 11] of this title . . . operates as a stay, applicable to all entities, of—

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> . . .
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. §§ 362(a)(1) and (6).

12.     The automatic stay serves to further the Bankruptcy Code's goal of "equal (and simultaneous) treatment of equal allowed claims."  *See In re CoServ, LLC*, 273 B.R. 487, 494 (Bankr. N.D. Tex. 2002) (re; *see also Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986) ("The purpose of the automatic stay is to protect creditors in a manner consistent with the bankruptcy goal of equal treatment.").  Accordingly, any actions against the Debtors on the basis of prepetition claims, including the Prepetition Wages, are explicitly prohibited by section 362 of the Bankruptcy Code.

13.     Notwithstanding the clear limitation of the automatic stay, the Plaintiffs effectively seek to circumvent the automatic stay though their Motion to Compel and improperly seek to elevate their unsecured claims to claims with administrative status at the expense of claimants with higher priorities.  *See Howard Delivery Serv. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 668 (2006)("[e]very claim granted priority status reduces the funds available to general unsecured creditors and may diminish the recovery of other claimants qualifying for equal or lesser priorities."); *see also In re Mammoth Mart, Inc.*, 536 F.2d 950, 953 (1st Cir. 1976) ("[t]o give priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer").

14.     While the Plaintiffs properly identify the equitable grounds for authorizing the Debtors to make pre-plan payment of the Prepetition Wages, and the Debtors do not dispute the value of the employees' contributions, but applying similar reasoning, this Court already authorized, but did not obligate, the Debtors to make such payments.  Stated differently, the Plaintiffs are merely asking this Court to strip the Debtors of the discretion granted in the Interim Order and Final Order.

15. Accordingly, for all the foregoing reasons, the Debtors believe that the Motion to Compel is inappropriate under the circumstances and should be denied.

**RESERVATION OF RIGHTS**

16. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, the priority of any claim, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their right to contest any claim related to the Prepetition Wages.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court deny the relief

requested in the Motion to Compel.

DATED: August 27, 2019                **SUPPLE LAW OFFICE, PLLC**

Joe M. Supple, Bar. No. 8013
801 Viand St.
Point Pleasant, WV 25550
Telephone: 304.675.6249
Facsimile: 304.675.4372
joe.supple@supplelaw.net


– and –


**SQUIRE PATTON BOGGS (US) LLP**


*/s/ Stephen D. Lerner*
Stephen D. Lerner (admitted *pro hac vice*)
Nava Hazan (admitted *pro hac vice*)
Travis A. McRoberts  (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
nava.hazan@squirepb.com
travis.mcroberts@squirepb.com

*Co-Counsel to the Debtors and
Debtors-in-Possession*