IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-30289 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

**DEBTORS' REPORT REGARDING DISTRICT COURT CONSENT
JUDGMENT WITH RESPECT TO COAL LOCATED AT THE PAX MINE**

Blackjewel, L.L.C., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases hereby report Court that the Debtors, the Acting Secretary of Labor, United States Department of Labor (the "DOL") and Contura Energy, Inc. ("Contura") resolved, in part, the "hot goods" issue raised by the DOL with respect to coal located at the Pax Mine, as further described below.[2]

1.  On August 30, 2019, this Court entered the *Order (A) Approving Sale of Debtors' Purchased Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 964] (the "Sale Order"), pursuant to which the Debtors, among other things, were authorized to sell to Contura the Pax Assets, including the Pax Mine.[3]

2.  In connection with the sale of the Pax Assets, the DOL informed the Debtors that it was the DOL's position that the Debtors failed to make certain payments to the employees

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at 1051 Main Street, Milton, West Virginia 25541-1215.

[2] This report does not relate to the "hot goods" claims prosecuted by the DOL in connection with the coal located in Harlan County, Kentucky and Raven and Honaker, Virginia. Those claims are the subject of separate, pending litigation before this Court and other courts.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Asset Purchase Agreement filed as Exhibit A to the Sale Order (the "APA").

working at the Pax Mine, in violation of the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "Act") during the period of June 10, 2019 through July 1, 2019.  Because these wages were not paid, the DOL alleged that certain coal located at the Pax Mine was considered "hot goods" under the Act.

3. The Debtors, the DOL and Contura entered into good faith negotiations to resolve the issues raised by the DOL and reached an agreement documented in a consent judgment which resolved the issues in large part, by the Debtors agreeing to pay the back wages of the Pax employees and being reimbursed for such wages by Contura as part of the closing of the Pax sale.

4. More specifically, pursuant to the Consent Judgment, the Debtors agreed to pay the amount of $175,529 in past due wages to certain past and current employees at the Pax Mine (the "Paid Employee Amount").  Such amount is comprised of the payroll due for days of unpaid work, including the net pay and certain applicable tax withholdings and employee benefit contributions related to the payroll period.  In turn, Contura agreed, upon the closing of the sale of the Pax Assets to reimburse the Debtors the Paid Employee Amount.

5. On September 13, 2019, the Debtors issued checks to the relevant employees for the employees' net pay, and subsequently remitted the associated taxes and withholdings that comprise the Paid Employee Amount.  On September 16, 2019, the DOL filed the Complaint (attached hereto as Exhibit "A") and the Consent Judgment (attached as Exhibit "B") with the United States District Court for the Southern District of West Virginia (the "District Court").  On September 17, 2019, the Debtors and Contura closed the sale of the Pax Assets and Contura reimbursed the Paid Employee Amount to the Debtors.  As of this date, the parties are awaiting the entry of the Consent Judgment by the District Court.

6. The Debtors' payment of the back wages "cooled" the alleged "hot goods" coal at the Pax Mine for the period between June 10, 2019 and July 1, 2019, and the Debtors closed the sale of the Pax Assets, including the subject coal with the permission of the DOL. By virtue of Contura's reimbursement of the back wages, on a net basis, no estate funds were used to pay the back wages.

Presented By:

**SUPPLE LAW OFFICE, PLLC**

Joe M. Supple No. 8013
801 Viand St.
Point Pleasant, WV 25550
304-675-6249
joe.supple@supplelaw.net

– and –

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Stephen D. Lerner*
Stephen D. Lerner (admitted *pro hac vice*)
Nava Hazan (admitted *pro hac vice*)
Travis A. McRoberts (admitted *pro hac vice*)
201 E. Fourth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
nava.hazan@squirepb.com
travis.mcroberts@squirepb.com

*Co-Counsel for the Debtors and Debtors-in-Possession*