**EXHIBIT B**

Proposed Consent Judgment

(Attached)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

| | |
|---|---|
| PATRICK PIZZELLA, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br> Plaintiff, <br><br> v. <br><br> BLACKJEWEL, LLC, a corporation, BLACKJEWEL HOLDINGS, LLC, a corporation, REVELATION ENERGY HOLDINGS, LLC, a corporation, REVELATION MANAGEMENT CORPORATION, a corporation, REVELATION ENERGY, LLC, a corporation, DOMINION COAL CORPORATION, a corporation, HAROLD KEENE COAL CO., LLC, a corporation, VANSANT COAL CORPORATION, a corporation, LONE MOUNTAIN PROCESSING, LLC, a corporation, POWELL MOUNTAIN ENERGY, LLC, a corporation, and CUMBERLAND RIVER COAL, LLC, a corporation, <br><br> Defendants. | Civil Action No: 3:19-cv-00667 |

## CONSENT JUDGMENT

Plaintiff, Patrick Pizzella, Acting Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Acting Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (hereinafter "the Act"). Defendants named above, hereinafter referred to as "Defendants" or "Employers," have appeared by counsel, and waived formal service of process of the Summons and Complaint, and any defense, which they may have in this Civil Action (except with respect to the issue of liquidated damages), and hereby agree to the entry of this Consent Judgment without contest. It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown:

1

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, and 15 of the Act, in any manner, specifically:

1.     Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2.     Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working for Blackjewel, LLC, a corporation, at 1051 Main Street, Milton, WV 25541 or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3. Defendants shall not, contrary to Section 15(a)(1) of the Act, transport, offer for transportation, ship, deliver, or sell in commerce, or ship, deliver, or sell with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods, in the production of which any employee was employed in violation of Section 6 or 7 of the Act.

1

    4. Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

        i.     Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

        ii.     Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

        iii.     Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

    It is further ORDERED, ADJUDGED and DECREED by the Court that:

    5.     Defendants are enjoined and restrained from withholding gross back wages in the sum total amount of $175,529 due to certain employees and former employees of Defendants listed and identified in Schedule A, attached hereto and made a part hereof.

    6.     Pursuant to an Asset Purchase Agreement (the "APA") dated on or about September 16, 2019, and that certain letter dated on or about September 13, 2019, between certain of the Defendants, as sellers, and Contura Energy, Inc. ("Contura"), as purchaser, Contura has agreed, upon closing, to satisfy Defendants' obligations to pay gross back wages in the total amount of $175,529, which Plaintiff alleges Defendants failed to pay in violation of the

1

minimum wage and overtime provisions of the Act during the period beginning June 10, 2019 and ending July 1, 2019, ("relevant period"). The Defendants will pay the back wages of $175,529 to their employees as specified below, and Contura will reimburse the Defendants the total amount of $175,529 at closing. This amount shall represent the full extent of back wages, but not liquidated damages, owed by Defendants for the relevant period to the employees set forth and identified on the attached Schedule A. It is further agreed that the minimum wage and overtime compensation payments by Defendants in the amount specified above are in the nature of back wages pursuant to the provisions of the Act. The Defendants, shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

      i.      The provisions of this Consent Judgment relative to back wages shall be deemed satisfied when Defendants deliver to the Schedule A employees their gross pay, totaling $175,529.

      ii.      Any sums not distributed to the employees or former employees listed on Schedule A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to Section 16(c) of the Act.

      iv.      The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Schedule A, nor shall the provisions in any way affect any legal right of any individual named on Schedule A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

      v.      The payment of the back wages totaling $175,529 in accordance with this Consent Judgment shall be considered compensation for work performed on coal at Pax Mine from June 10th, 2019 to July 1, 2019. The coal produced at Pax Mine from June 10, 2019 to July

1

1, 2019 was initially a product of uncompensated work. Defendants' payment, and Contura's reimbursement to Defendants for the payment of these back wages will permit the Pax Mine coal produced during the relevant period, and initially deemed by Plaintiff to be "hot goods" because it was a product of uncompensated work, to enter into interstate commerce because the work that produced said goods is compensated by the payment of the back wages due to Defendants' current and former employees at the Pax Mine.

   vi. The issue of the liquidated damages related to the Sections 6 and 7 violations identified in the Complaint remains unresolved and at issue in this litigation.

 7. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Acting Secretary for deposit as described above, and Defendants shall have no further obligations with respect to such returned monies. If the recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Acting Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

 8. The parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims, except for liquidated damages, raised in the Complaint as a result of the Acting Secretary's investigation. The parties agree that the filing of the Complaint and the provisions of this Consent Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Exhibit A or the Acting Secretary for any period after July 1, 2019, or any persons, be they current or former employees, not specifically named on Exhibit A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act.

1

9. Defendants agree that they are employers within the meaning of Section 3(d) of the Act..

10. The Parties, in order to amicably resolve disputed issues of fact and law concerning this matter, and to avoid protracted litigation, have agreed to this Consent Judgment. The agreements, statements, findings, and actions herein are made solely for the purpose of resolving this matter economically and amicably without litigation and shall not be used for any purpose, except for proceedings brought under the Act.

11. By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any other violations disclosed by such investigations.

It is FURTHER, ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees, which may be available under the Equal Access to Justice Act, as amended.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2019

1

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

For the Employer Blackjewel, LLC,

_____
David J. Beckman, Interim CEO

_____
Stephen D. Lerner
Squire Patton Boggs (US) LLP
201 E. Fourth Street
Suite 1900
Cincinnati, OH 45202
Direct: +1.513.361.1220 |
Mobile: +1.513.293.4305 |
stephen.lerner@squirepb.com

For the Secretary:

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

_____
Ryma Lewis
Trial Attorney
VA ID # 83322
U.S. Department of Labor
Office of the Solicitor, Region III
201 12th Street South, Suite 401
Arlington, VA 22202
P: 202-693-9369
F: 202-693-9392
E: lewis.ryma@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff
U.S. Department of Labor

1

## SCHEDULE A

Shawn Abner
Jacob Bailes
Timothy Bass
Edward Bragg
Gary Burgess
Frank Cafego
George Caldwell
Robert C. Childers
Paul Clark
Brandon Cullum
Damon Davis
Josh Evans
Richard Evans
James Foster
Eric Gillispie
Kennard A. Hatcher
Darrell Hodge
Claude Irvin II
Jacob Jones
Dustin Justice
Dana Kizer
Bernard McKinney Jr.
Matthew Mitchem
Elmer Pennington
Brian Permelia
Sean Redden
Timothy D. Runion
Sam Smith
Blake Snodgrass
John Snodgrass
Justin Sparks
Jacob Stover
Matt Thomas
Ronald Tincher
Brandon Young
Nathan Walker
Eugene Woolwine II

1