IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-30289 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019
APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE
DEBTORS AND ROCKWOOD CASUALTY INSURANCE COMPANY**

Blackjewel, L.L.C., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby move this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the *Stipulation Between Rockwood Casualty Insurance Company and the Debtors* (the "Settlement"), between the Debtors and Rockwood Casualty Insurance Company ("Rockwood" and, together with the Debtors, the "Parties"), a true and correct copy of which is attached hereto as **Exhibit B**. In support hereof, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. The Debtors are continuing to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. § 157(b), and the Debtors consent to entry of a final order by the Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at 1051 Main Street, Milton, West Virginia 25541-1215.

in connection with this motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested is section 105(a) of the Bankruptcy Code, and Rule 9019 of the Bankruptcy Rules.

## BACKGROUND

**General Case Background**

4. Each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code on July 1, 2019 and July 24, 2019 (the "Petition Date"). As of the date hereof, no party has requested the appointment of a trustee or an examiner in these chapter 11 cases. On July 3, 2019, the Office of the United States Trustee for Region 4, the District of West Virginia, appointed an official committee of unsecured creditors [Docket No. 46].

**Rockwood Insurance**

5. On June 5, 2018, Rockwood and the Debtors entered into a one-year Insurance Agreement (as amended from time to time, the "Insurance Agreement") and an Escrow Agreement (the "Escrow Agreement") for the period from February 5, 2018 to February 5, 2019, pursuant to which Rockwood provided the Debtors with workers compensation insurance required under state law and the Black Lung Benefits Act under federal law.[2]

6. Rockwood and the Debtors agreed to a one-year extension of the Insurance Agreement, from February 5, 2019 to February 5, 2020 (the "Insurance Term"), as per a renewal letter dated as of March 27, 2019.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Insurance Agreement, a copy of which is attached hereto as **Exhibit C**.

2

7.      The insured Debtors under the Insurance Agreement are Blackjewel, L.L.C., Blackjewel Holdings, L.L.C., Revelation Energy Holdings, LLC, Revelation Energy, LLC, Harold Keene Coal Co., LLC, and Lone Mountain Processing, LLC (collectively, the "Insured Debtors").

8.      The Insurance Agreement provides for a monthly payment by the Insured Debtors comprised of (i) an insurance premium (the "Premium"), calculated using a formula linked to the Debtors' payroll for each month, which the Insured Debtors self-report, subject to Rockwood's audit rights, and (ii) a prepaid claim deductible in an amount set by the Insurance Agreement for the Deductible Loss Fund (the "Deductible Loss Fund").  The monthly payment amount for the Deductible Loss Fund under the Insurance Agreement for the Insurance Term is $700,000.

9.      Under the Insurance Agreement, the Insured Debtors were required to remit a premium deposit in the amount of $1,330,041 (the "Premium Deposit"), which was paid to Rockwood by the Debtors on February 23, 2018.  The Premium Deposit is being held by Rockwood to ensure payments by the Insured Debtors under the Insurance Agreement and, as of the Petition Date, the Premium Deposit was not applied to the amounts due by the Insured Debtors.

10.     On November 27, 2019, the coverage under the Insurance Agreement was terminated by agreement of the Parties.

11.     On November 4, 2019, Rockwood filed several proofs of claim against each of the Insured Debtors for prepetition amounts due under the Insurance Agreement, each in the amount of $8,701,309 (together, the "Pre-petition Claims").  *See* Claim Nos. 1470, 1475, 1502, 1506, 1507, 1514 and 1536.  The same day, Rockwood filed several proofs of claim against each of the Insured Debtors for post-petition amounts due under the Insurance Agreement, each in the amount of $2,000,000 (together, the "Post-petition Claims").  *See* Claim Nos. 1381, 1390, 1426, 1445, 1453, 1462, 1464, 1476, and 1479.

3

12.     The Parties have engaged in good faith, arms' length negotiations to resolve the amounts due under the Insurance Agreement.

13.     To avoid the time and expense of legal action, the Parties have agreed to the Settlement, which is subject to entry of an order by this Court pursuant to Rule 9019 of the Bankruptcy Rules approving the Settlement.

14.     In summary, the material terms of the Settlement are as follows:[3]

    a.    <u>Recoupment and Setoff</u>.  Upon this Court's approval of the Settlement, Rockwood will apply the full amount of the Premium Deposit to reduce the amount due under each of the Pre-petition Claims by the same amount.

    b.    <u>Payments to Rockwood</u>.  Within seven calendar days of the entry of the Proposed Order approving the Settlement, the Debtors shall pay Rockwood (i) the monthly Premiums for the months of September 2019, October 2019, and November 2019 in the total amount of $122,941, and (ii) the monthly Deductible Loss Fund obligation for the month of September 2019 in the reduced amount of $650,000.

    c.    <u>Pre-petition Claims</u>.  Within seven calendar days of the entry of the Proposed Order approving the Settlement, Rockwood shall amend each of the Pre-petition Claims to account for the application of the Premium Deposit, in the amount of $1,330,041, to the amounts due under the Pre-petition Claims.

    d.    <u>Post-Petition Claims</u>.  Within seven calendar days of the entry of the Proposed Order approving the Settlement, Rockwood shall withdraw, with prejudice, all the Post-petition Claims.

    e.    <u>Payroll Audit</u>.  The Parties will work in good faith to promptly complete the payroll audit for the Insurance Term.  For any resulting adjustment to the pre-petition coverage, Rockwood will amend its revised Pre-petition Claims. For any resulting adjustment to the post-petition coverage, if any, Rockwood and the Debtors will work in good faith to resolve any dispute between the parties and, if a consensual resolution cannot be reached, Rockwood will file a post-petition claim, subject to the right of the Debtors and other parties in interest to object.

---

[3] This is a summary only.  Reference should be made to the complete Settlement attached hereto as Exhibit B.  In the event of any discrepancy between the terms summarized in this motion and the terms set forth in the Settlement, the Settlement shall control.

010-8914-3857/3/AMERICAS

**RELIEF REQUESTED**

15.     By this motion, the Debtors respectfully request that the Court enter the Proposed Order, pursuant to Rule 9019 of the Bankruptcy Rules, approving the Settlement.

**BASIS FOR REQUESTED RELIEF**

16.     Bankruptcy Rule 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy Rule 9019. Compromises are tools for expediting the administration of the case, reducing administrative costs, and are favored in bankruptcy. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

17.     In evaluating the Settlement, the Court should examine whether the compromise is fair, reasonable and in the best interest of the estate. *See In re Covenant Partners, L.P.*, 541 B.R. 804, 806 (Bankr. E.D. Pa. 2015) (citing *In re Neshaminy Office Bldg. Associates*, 62 B.R. 798, 803 (E.D. Pa. 1986)). The "best interest" test requires that the proposed settlement be "fair and equitable." *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Martin*, 91 F. 3d at 394. In evaluating the fairness of a settlement, a court does not have to be convinced that the settlement is the best possible compromise, but only that it does not fall below the lowest point in the range of reasonableness. *See In re Neshaminy Office Bldg. Associates*, 62 B.R. at 803 (citations omitted); *see also In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (the responsibility of the court "is not to decide the numerous questions of law and fact raised . . . but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness'").

18.     In *In re Alpha Natural Resources, Inc.*, the bankruptcy court of the Eastern District of Virginia identified four factors that courts should consider in determining whether a settlement falls above the lowest point in the range of reasonableness: "(i) the probability of success in

litigation; (ii) the potential difficulties in any collection; (iii) the complexity of the litigation and the expense, inconvenience, and delay necessarily attending it; and (iv) the paramount interest of the creditors." *In re Alpha Natural Res. Inc.*, 544 B.R. 848, 857 (Bankr. E.D. Va. 2016) (*citing In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997)).

19.     This Court should approve the Settlement because it falls well within the range of reasonableness and is fair, reasonable, and in the best interest of the Debtors' estates and their creditors. In particular, the probability of success in litigation regarding the Debtors' liability under the Insurance Agreement is uncertain and difficult to predict. Each Party believes it possesses meritorious claims and defenses. With respect to the application of the Premium Deposit to the pre-petition amounts due under the Insurance Agreement, both Parties asserted contrary arguments with respect to the applicability of the theories of recoupment and/or setoff, which, if ultimately successfully litigated in favor of Rockwood may have allowed Rockwood to proceed with the application of the Premium Deposit to the pre-petition amounts due even without court approval. Although the Debtors have disputed some of these arguments, there can be no guarantee that the Debtors ultimately would be successful in litigation. With respect to the payments due post-petition, the Debtors were contractually obligated to pay $700,000 per month under the Insurance Agreement for the Deductible Loss Fund, but Rockwood agreed (i) to waive payment of the monthly fee for the months of October 2019 and November 2019 and (ii) to reduce the monthly fee for the month of September 2019 by $50,000, a significant benefit to the Debtors' estates.

20.     Moreover, insurance litigation is inherently complicated, and the expense, inconvenience, and delay associated with litigating such claims weigh heavily in favor of the Settlement. The Debtors believe that, given the reasonableness of the Settlement, it is far better

not to expend significant resources to prosecute this litigation, and the limited cash available to the estates is better used to satisfy all creditors rather than commencing lengthy and difficult litigation with an uncertain outcome.

21.   The Debtors engaged in good faith, arms-length negotiations to arrive at the proposed Settlement and they consulted with the Official Committee of Unsecured Creditors as part of the process that led to the Debtors' agreement to the Settlement.  The Debtors, therefore, believe that (1) the likelihood of success in litigation; (2) the complexity, cost and delay attendant the claims litigation; and (3) the paramount interest of the creditors, when taken together, warrant the approval of the Settlement, which presents a fair and reasonable resolution of the dispute with Rockwood.

**NOTICE**

22.   The Debtors, with the assistance of their claims and noticing agent, will provide notice of this motion by email and/or first class mail to: (i) the Office of the United States Trustee for the Southern District of West Virginia, (ii) the Debtors' prepetition secured lenders, (iii) the creditors appearing on the Debtors' consolidated list of top 30 unsecured creditors, (iv) the Office of the United States Attorney for the District of West Virginia, (v) the Internal Revenue Service, (vi) counsel to United Bank, Inc., Steptoe & Johnson PLLC, (vii) counsel to the Creditors' Committee, Whiteford Taylor & Preston, LLP, and (viii) all parties requesting notices pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

# CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A** (i) granting the motion, (ii) approving the Settlement, and (iii) granting such other and further relief as may be just and proper.

DATED:  December 13, 2019                          **SUPPLE LAW OFFICE, PLLC**

Joe M. Supple, Bar. No. 8013
801 Viand St.
Point Pleasant, WV 25550
Telephone: 304.675.6249
Facsimile: 304.675.4372
joe.supple@supplelaw.net

– and –

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Stephen D. Lerner*
Stephen D. Lerner (admitted *pro hac vice*)
Nava Hazan (admitted *pro hac vice*)
Travis A. McRoberts  (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
nava.hazan@squirepb.com
travis.mcroberts@squirepb.com

*Co-Counsel to the Debtors and Debtors-in-Possession*