# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Blackjewel, L.L.C., *et al.*, | ) Case No. 19-30289 |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER SCHEDULING AN EMERGENCY HEARING ON JOINT EX PARTE MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATIONS AND WRITTEN DISCOVERY DIRECTED TO JEFF A. HOOPS, SR. AND VARIOUS HOOPS-RELATED ENTITIES AND INDIVIDUALS

Blackjewel, L.L.C., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases hereby move this Court for entry of an order pursuant to Rule 9013-1(f) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of West Virginia, scheduling an emergency hearing on January 22, 2020, at 1:30 p.m. (prevailing Eastern Time) on the *Ex Parte Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to Jeff A. Hoops, Sr. and Various Hoops-Related Entities and Individuals* [Docket No. 1611] (the "Motion") filed by the Debtors and the Official Committee of Unsecured Creditors (the "Committee," collectively with the Debtors, the "Movants").[2]

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at 7093, 971 WV-34, Hurricane, WV 25526.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

      1.      By the Motion, the Debtors seek entry of an order authorizing Bankruptcy Rule 2004 discovery from Jeff A. Hoops, Sr. ("Mr. Hoops") and various Hoops-Related Entities and Hoops-Related Individuals[3] (Mr. Hoops, the Hoops-Related Entities, and the Hoops-Related Individuals, collectively, the "Hoops Parties") in the form of (a) requests for production of documents and electronically stored information and (b) oral examinations of Mr. Hoops, Patricia A. Hoops, Jeffery Hoops, Jr., Jeremy Hoops, Josh Hoops, Keith Runyon, Steven Poe, and Brent Walls and representatives of Clearwater Investment Holdings, LLC, Grand Patrician Resort, LLC, Genesis Trucking, Black Diamond, Lexington Coal Company, LLC, Lexington Coal Royalty Company, LLC, Construction & Reclamation Services, Triple H Real Estate, LLC, Hoops Dynasty Trusts, Clearwater Trusts, JBLCO, LLC, Active Medical, Prep Plant Solutions LLC, Blackjewel Trust, Revelation Energy Trust, Lexington Trust, Walls & Associates, PLLC, and Triple H Aviation, LLC.

      2.      By the time of their chapter 11 bankruptcy filings in July 2019, the Debtors were woefully insolvent. This level of insolvency and the inevitable bankruptcy filings were the result of a years-long effort by Mr. Hoops to transfer tens of millions of dollars of the Debtors' assets for his benefit and the benefit of his family and other Hoops-Related Entities. The Motion seeks to initiate the process to make the Debtors whole for these transfers of assets, apparent self-dealing by Hoops and the Hoops Parties, and numerous other breaches of fiduciary duty.

---

[3] The "Hoops-Related Entities" include, but are not limited to, the following entities: (1) Genesis Trucking; (2) Construction & Reclamation Services; (3) Lexington Coal Company, LLC; (4) Lexington Coal Royalty Company, LLC; (5) Grand Patrician Resort, LLC; (6) Triple H Real Estate, LLC; (7) Black Diamond Insurance Group, LLC; (8) Clearwater Investment Holdings, LLC; (9) Hoops Dynasty Trust(s); (10) Clearwater Trust(s); (11) JBLCO, LLC; (12) Active Medical; (13) Forrest Machine, LLC; (14) Prep Plant Solutions LLC; (15) Blackjewel Trust; (16 Revelation Energy Trust; (17) Lexington Trust; (18) Walls & Associates, PLLC; and (19) Triple H Aviation, LLC. The "Hoops-Related Individuals" include, but are not limited to, the following individuals: (1) Patricia A. Hoops; (2) Jeffery Hoops, Jr.; (3) Jeremy Hoops; (4) Josh Hoops; (5) Jessica Hoops; (6) Lesley Hoops; (7) Amanda Hoops; (8) Keith Runyon; (9) Steven Poe; and (10) Brent Walls.

3. The discovery requested in the Motion seeks necessary information from the Hoops Parties that have long-standing personal and financial relationships with the Debtors and Mr. Hoops—the former President and Chief Executive Officer of Blackjewel, L.L.C. The Movants believe that the Hoops Parties have taken improper actions to harm the Debtors for their own financial gain, with little regard for the impact on the Debtors, their creditors, and the community at large.

4. Mr. Hoops' relationships with the Hoops-Related Entities and Hoops-Related Individuals, and the prepetition dealings between and among them and the Debtors, are numerous, complicated and intertwined. As part of their ongoing efforts to untangle this web, the Movants have dedicated a substantial amount of time and resources to uncovering and analyzing significant transactions involving the Hoops Parties that must be investigated and, where appropriate, addressed through actions to avoid the transfers or other relief. The discovery requested in the Motion will facilitate the Movants' investigations and may lead to a substantial recovery to the Debtors' estates.

5. Documentation and examinations related to the financial transactions and dealings between the Debtors on the one hand and the Hoops Parties on the other hand must be timely afforded to the Movants. This discovery is necessary to determine the extent to which the Hoops Parties enriched themselves to the financial detriment of the Debtors and their estates. The Movants anticipate that this discovery may give rise to a number of estate claims, including without limitation, possible claims for avoidance of preferential transfers and fraudulent conveyances, recharacterization, equitable subordination, substantive consolidation, breach of fiduciary duty, conversion, and unjust enrichment.

6. Given the complicated and intertwined nature of the relationships between the parties at issue, the number of questionable transactions that the Movants seek to investigate, and the Debtors' limited resources, the Debtors believe that time is of the essence. Any delay in the commencement of the discovery sought under the Motion will unnecessarily increase the administrative costs of undertaking this investigation and delay the Movants ability to begin the process of investigating claims that are likely to result in a substantial recovery for the benefit of the Debtors' estates, the Committee, and other interested parties.

7. Although Bankruptcy Rule 2004 provides for an ex parte procedure whereby the Court can enter an order authorizing the examination without allowing an opportunity to object, two interested parties have filed objections to the Motion.[4] *See* Docket Nos. 1626, 1628.[5] Accordingly, the Debtors believe that scheduling a hearing on the Motion on January 22, 2020, to consider the relief sought and the objections thereto is in the best interest of the Debtors and their estates.

[*Remainder of page intentionally left blank.*]

---

[4] *See, e.g.*, *In re Russell*, 392 B.R. 315, 360 (Bankr. E.D. Tenn. 2008) ("Rule 2004 provides for an ex parte procedure . . . and the court can enter an order for the examination without allowing . . . an opportunity to object"); *In re Symington*, 209 B.R. 678, 689-90 (Bankr. D. Md. 1997) (explaining that "Rule 2004 motions are generally granted ex parte" when there is good cause for the examination request).

[5] On January 9, 2020, Aquatic Resources Management filed an objection to the Motion [Docket No. 1613], which has since been resolved pursuant to a stipulation at Docket No. 1614.

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested and scheduling a hearing with respect to the Motion for January 22, 2020, at 1:30 p.m. (prevailing Eastern Time).

DATED: January 21, 2020

**SUPPLE LAW OFFICE, PLLC**

Joe M. Supple, Bar. No. 8013
801 Viand St.
Point Pleasant, WV 25550
Telephone: 304.675.6249
Facsimile: 304.675.4372
joe.supple@supplelaw.net

– and –

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Stephen D. Lerner*
Stephen D. Lerner (admitted *pro hac vice*)
Nava Hazan (admitted *pro hac vice*)
Scott A. Kane (admitted *pro hac vice*)
Travis A. McRoberts (admitted *pro hac vice*)
F. Maximilian Czernin (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
nava.hazan@squirepb.com
scott.kane@squirepb.com
travis.mcroberts@squirepb.com
max.czernin@squirepb.com

*Co-Counsel to the Debtors and
Debtors-in-Possession*

# EXHIBIT A

Proposed Order

(Attached)

010-8959-9824/3/AMERICAS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-30289 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

**ORDER SCHEDULING EMERGENCY HEARING ON JOINT
EX PARTE MOTION OF THE DEBTORS AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER
PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATIONS
AND WRITTEN DISCOVERY DIRECTED TO JEFF A. HOOPS, SR.
AND VARIOUS HOOPS-RELATED ENTITIES AND INDIVIDUALS**

Upon the motion (the "Motion")[2] of the above-captioned Debtors for entry of and order scheduling an emergency hearing on the *Ex Parte Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to Jeff A. Hoops, Sr. and Various Hoops-Related Entities and Individuals* [Docket No. 1611], and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The headquarters for each of the Debtors is located at 7093, 971 WV-34, Hurricane, WV 25526.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances; and this Court having found that good and sufficient cause exists for the relief granted by this Order;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

1. The Motion is GRANTED as set forth herein.

2. A hearing on the Motion is scheduled for January 22, 2020, at 1:30 p.m. (prevailing Eastern Time) at the Robert C. Byrd U.S. Courthouse, 300 Virginia Street East, Room 3200, Charleston, West Virginia 25301.

3. Notice of this hearing shall be served as promptly as possible by the Debtors through their claims and noticing agent.

4. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

5. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Presented By:

**SUPPLE LAW OFFICE, PLLC**

Joe M. Supple, No. 8013
801 Viand St.
Point Pleasant, WV 25550
Telephone: 304.675.6249
Facsimile: 304.675.4372
joe.supple@supplelaw.net

– and –

**SQUIRE PATTON BOGGS (US) LLP**

/s/ *Stephen D. Lerner*
Stephen D. Lerner (admitted *pro hac vice*)
Nava Hazan (admitted *pro hac vice*)
Scott A. Kane (admitted *pro hac vice*)
Travis A. McRoberts (admitted *pro hac vice*)
F. Maximilian Czernin (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
nava.hazan@squirepb.com
scott.kane@squirepb.com
travis.mcroberts@squirepb.com
max.czernin@squirepb.com

*Co-Counsel to the Debtors and Debtors-in-Possession*