# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE<br><br>BLACKJEWEL, L.L.C.,<br>BLACKJEWEL HOLDINGS, L.L.C.,<br>REVELATION ENERGY HOLDINGS, LLC<br>REVELATION ENERGY, LLC<br>REVELATION MANAGEMENT CORP.,<br>DOMINION COAL CORPORATION,<br>HAROLD KEENE COAL CO. LLC,<br>VANSANT COAL CORPORATION,<br>LONE MOUNTAIN PROCESSING, LLC,<br>POWELL MOUNTAIN ENERGY, LLC,<br>CUMBERLAND RIVER COAL LLC,<br><br>*Administratively Consolidated*<br><br>Debtors-in-Possession. | CASE NO. 3:19-BK-30289<br>CASE NO. 3:19-BK-30290<br>CASE NO. 3:19-BK-30291<br>CASE NO. 3:19-BK-30292<br>CASE NO. 3:19-BK-30293<br>CASE NO. 3:19-BK-30323<br>CASE NO. 3:19-BK-30324<br>CASE NO. 3:19-BK-30325<br>CASE NO. 3:19-BK-30326<br>CASE NO. 3:19-BK-30327<br>CASE NO. 3:19-BK-30328<br><br>CHAPTER 11<br><br>JUDGE IRENE C. BERGER |

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1948), *Notice of Jeffery A. Hoops and Certain Other Individuals and Entities' Intent to Object to the Order of the Magistrate [Judge] Omar J. Aboulhosn Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1958), *Objections of Jeffery A. Hoops and Certain Other Individuals and Entities to Magistrate [Judge] Aboulhosn's Order Approving the Joint Ex Parte Motion of the Debtors and*

*Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1975), *Response of the Debtors to the Objections of Jeffery A. Hoops and Certain Other Individuals and Entities to Magistrate [Judge] Aboulhosn's Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 2021), and *United Bank's Motion to Discontinue Response to Debtors' Rule 2004 Requests* (Document 2117).[1]

On March 13, 2020, this discovery matter was referred to the Honorable Omar J. Aboulhosn for determination. The Magistrate Judge issued a ruling on April 29, 2020, finding that the *Joint Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1723) should be granted and overruling the objections of Mr. Jeff A. Hoops, Sr. — the former Chief Executive Officer of Blackjewel — and the Hoops-Related Entities and Hoops-Related Individuals (Documents 1761 and 1918). On May 13, 2020, the *Objections of Jeffery A. Hoops and Certain Other Individuals and Entities to Magistrate [Judge]*

---

[1] The Court has also carefully reviewed the *Joint Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1723), *Response in Opposition of Jeffery A. Hoops and Certain Other Individuals and Entities to the Joint Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank and Request for Protective Orders* (Document 1761), *Order* (Document 1853), *Order* (Document 1859), *Order* (Document 1863), *Supplemental Memorandum of the Debtors in Support of Joint Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1901), *Order* (Document 1908), *Supplemental Response of Jeffery A. Hoops and Certain Other Individuals and Entities to the Supplemental Memorandum of the Debtors in Support of Joint Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1918), *Reply Memorandum of the Debtors to the Supplemental Response of Jeffery A. Hoops and Certain Individuals and Entities to the Supplemental Memorandum of the Debtors in Support of Joint Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1944), *Affidavit of Compliance* (Document 1950), and *Affidavit of Compliance* (Document 1951).

*Aboulhosn's Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1975) was filed. Then, on June 23, 2020, United Bank filed *United Bank's Motion to Discontinue Response to Debtors' Rule 2004 Requests* (Document 2117). For the reasons stated herein, the Court finds that United Bank's motion should be granted, the ruling contained in the Magistrate Judge's order should be held for naught and the objections of the Hoops Parties terminated as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2020, Blackjewel, L.L.C., and its affiliated debtors, debtors-in-possession, and the Official Committee of Unsecured Creditors (collectively, "Movants") filed a motion for entry of an order authorizing discovery from United Bank (United), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.[2] The requested discovery included: "(a) requests for production of documents and electronically stored information . . . (b) oral examinations of Mr. Matthew Bond and Mr. J. David Mills as representatives of United Bank, . . . and (c) oral examinations of the individual(s) with knowledge regarding or responsible for United Bank's administration of the Bank Accounts and Debtor Accounts." (Document 1723 at 1.)

In that motion, the Movants asserted that Rule 2004 discovery was necessary to investigate potential claims for the benefit of the Debtors' estates and to appropriately investigate, quantify, and support potential claims related to the conduct and dealings of the Hoops Parties.[3] In

---

[2] *Joint Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1723). The Debtors include Blackjewel, LLC; Blackjewel Holdings, LLC; Revelation Energy Holdings, LLC; Revelation Management Corporation; Revelation Energy, LLC; Dominion Coal Corporation; Harold Keene Coal Co., LLC; Vansant Coal Corporation; Lone Mountain Processing, LLC; Powel Mountain Energy, LLC; and Cumberland River Coal, LLC.
[3] The Hoops Parties or Respondents include: Jeffery A. Hoops; Patricia A. Hoops; Jeffery A. Hoops, II; Jeremy A. Hoops; Joshua A. Hoops; Jessica Hoops; Lesley Hoops; Amanda Hoops; Brent T. Walls; Genesis Trucking, LLC;

particular, the Movants requested such discovery to investigate conduct involving Mr. Hoops and United, which may have affected the Debtors' ability to complete critical secured subordinated debtor-in-possession financing that was to be provided by Mr. Hoops or entities associated with him, and to investigate allegations made by Mr. Hoops that United inappropriately froze certain of the Debtors' bank accounts on June 28, 2019, prior to July 1, 2019. The Hoops Parties filed a response arguing that the motion should be denied because the scope of the Movants' motion was excessive, the Movants were under an ongoing obligation to meet and confer, and the motion failed to state good cause for such discovery.

On March 16, 2019, the Magistrate Judge entered an Order scheduling a telephone conference for March 19, 2020. (Document 1859.) Following that telephone conference, the Magistrate Judge ordered that the Hoops-Related Entities were to make initial disclosures by March 20, 2020, with the remainder of the production of the requested information to be made by March 24, 2020. (Document 1863.) The Magistrate Judge further ordered that all remaining information was to be disclosed by May 29, 2020. (*Id.*) With respect to the motion requesting Rule 2004 discovery (Document 1723), the Magistrate Judge ordered that United Bank was to begin rolling disclosures by March 27, 2020, which were to continue every Friday thereafter until completed.

On April 10, 2020, the Movants filed a supplemental memorandum in support of their motion. (Document 1901.) In the supplemental memorandum, the Movants argued that the Court should grant their motion requesting discovery because the Hoops Parties failed to provide

---

Lexington Coal Royalty Company, LLC; Grand Patrician Resort, LLC; Triple H. Real Estate, LLC; Black Diamond Insurance Group, LLC; Clearwater Investment Holdings, LLC; Hoops Dynasty Trust; Clearwater Trust; LBLCO, LLC; Active Medical, LLC; Forrest Machine, LLC; Blackjewel Trust; Revelation Energy Trust; Walls & Associates, PLLC; Triple H Aviation, LLC; Lexington Coal Company, LLC; Construction & Reclamation Services, LLC; Prep Plant Solutions, LLC; and Lexington Coal Trust.

4

appropriate responses to discovery requests. The Movants stated that, "After months of effort by Movants, many written communications, numerous meet-and-confer sessions and formal discovery conferences with the Court, the Hoops Parties have produced an extremely limited number of organizational documents and nothing else. Even that production is deficient because some of the key documents are incomplete." (Document 1901 at 3.)

On April 14, 2020, the Magistrate Judge hosted a telephone conference with the parties to address the Movants' supplemental memorandum and the ongoing production issues related to the Movants' motion. The Magistrate Judge issued an order on that same date memorializing the telephone conference. (Document 1908.) In that order, the Magistrate Judge acknowledged that the Hoops Parties failed to respond completely and timely to the Movants' discovery requests and genuine inquiries and expressed exasperation with the failure of the Hoops Parties to comply with discovery requests. The Magistrate Judge ordered the Hoops Parties to produce all responsive documents by April 21, 2020, and to continue to produce discovery on a rolling basis. The Magistrate Judge further ordered that counsel for parties were to meet and confer in good faith every Tuesday and ordered that the parties were under a continuing obligation to supplement responses to prior discovery disclosures. On April 20, 2020, the Hoops Parties submitted a supplemental response to the Movants' motion. (Document 1918.) On April 27, 2020, the Movants filed a reply memorandum addressing the Hoops Parties' arguments. (Document 1944.)

The Magistrate Judge entered an *Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1948) on April 29, 2020, wherein the Magistrate Judge granted the Movants' motion and overruled the objections of the Hoops Parties. The Magistrate Judge concluded that "[t]here is no question

5

that the discovery that the Debtors seek from United Bank falls clearly within the contours of Bankruptcy Rule 2004." (Document 1948 at 7.) The Magistrate Judge further determined that, "despite the Hoops Parties' suggestion that they are comprised of distinct entities and individuals, there is insurmountable evidence that the Hoops Parties as a collective, along with the Debtors and United Bank have enjoyed and continue to enjoy an intricate business relationship that justifies the Debtors' discovery requests." (Document 1948 at 9.) Moreover, the Magistrate Judge noted that, "During the pendency of these discovery issues over the last several months in this proceeding, the undersigned's patience has been tested by the Hoops Parties, as they had previously agreed to produce discovery materials to the Debtors outside of this Court's intervention, however, unfortunately, the Debtors have only too frequently been forced to seek this Court's interference in order to obtain discovery that had originally been promised." (Document 1948 at 9.)

On May 1, 2020, the Hoops Parties filed a *Notice of Jeffery A. Hoops and Certain Other Individuals and Entities' Intent to Object to the Order of Magistrate [Judge] Omar J. Aboulhosn Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to a Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1958). On May 13, 2020, the Hoops Parties filed *Objections of Jeffery A. Hoops and Certain Other Individuals and Entities to Magistrate Aboulhosn's Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1975).

On May 26, 2020, the matter was transferred to this Court for consideration of the pending objections. (Documents 2019 and 2020.) On that same date, the *Response of the Debtors to the Objections of Jeffery A. Hoops and Certain Other Individuals and Entities to Magistrate [Judge]*

*Aboulhosn's Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 2021) was filed. On June 23, 2020, *United Bank's Motion to Discontinue Response to Debtors' Rule 2004 Requests* (Document 2117) was filed. The Debtors have not filed a response to United Bank's motion.

Therefore, the *Objections of Jeffery A. Hoops and Certain Other Individuals and Entities to Magistrate [Judge] Aboulhosn's Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 2021) and *United Bank's Motion to Discontinue Response to Debtors' Rule 2004 Requests* (Document 2117) are currently ripe for consideration by this Court.

**STANDARD OF REVIEW**

The assignment of non-dispositive discovery matters to a Magistrate Judge is governed by Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(a). Rule 72 stipulates that, when a party objects to a non-dispositive ruling by a magistrate judge, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Federal Rule of Civil Procedure 72(a); *see also* 28 U.S.C. § 636(b)(1)(a). In the Fourth Circuit, a magistrate judge's finding is "clearly erroneous" where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D.W.Va. 1994).

Findings of facts by a magistrate judge must be affirmed by the district court "unless … review of the entire record leaves … the definite and firm conviction that a mistake has been committed." *Clark*, 155 F.R.D. at 548, quoting *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1984).

7

The standard of review for "contrary to law," however, is different. "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *HSBC Bank USA, Nat. Ass'n v. Resh*, 2014 WL 317820, at *7 (S.D.W.Va. January 28, 2014) (Chambers, C.J.) (slip op.), quoting *Robinson v. Quicken Loans Inc.*, 2013 WL 1704839, at *3 (S.D.W.Va. Apr. 19, 2013) (Chambers, C.J.).

**DISCUSSION**

As noted above, the Magistrate Judge entered an *Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1948) on April 29, 2020. Pursuant to that order, United Bank was required to complete the discovery requests enumerated in Exhibit 1 and Exhibit 2 of the Debtor's joint motion (Document 1723). The order also authorized the Debtors to issue requests for production, notices, and subpoenas compelling the production of documents and the provisions of testimony under oath as requested in Exhibit 1 and Exhibit 2 and to seek the oral examination of the individuals with knowledge of the Bank Accounts and the Debtors Accounts.

The Hoops Parties submitted objections on May 13, 2020, arguing that the Debtors' discovery requests are "clearly unduly burdensome, overly broad, and tantamount to a fishing expedition." (Document 1975 at 2.) The Hoops Parties argue that "[t]he Magistrate [Judge's] Order granting the Debtors the relief sought in those exhibits would allow the Movants to obtain nearly all of the financial and account records of each and every one of the [nine] individuals and [nineteen] entities since July 1, 2012, regardless of whether they related to 'transfers from and business dealing with the Debtors' or to the 'critical secured subordinated debtor-in-possession financing.'" (*Id.*) The Hoops Parties further object to the Magistrate Judge's Order, arguing that

8

the Order was based on factual errors and lacking in evidentiary support. The Hoops Parties argue that the Magistrate Judge mistakenly treats all of the twenty-eight Respondents as one entity, even though the Respondents are nine individuals and nineteen different entities, and mistakenly claims that all of the Respondents have an intricate relationship without any evidence demonstrating such a relationship. The Hoops Parties further incorporate by reference all objections previously set forth. (Documents 1626, 1628, and 1658.)

The Debtors filed a response to the objections on May 26, 2020, in which the Debtors argue that "[u]nder Rule 2004, the Debtors are entitled to investigate the extensive, undocumented or poorly documented, and unexplained related party transactions involving the Hoops Parties and the Debtors, which likely will give rise to significant claims on behalf of the Debtors' estates. In addition, the Debtors are entitled to investigate whether and to what extent estate assets were transferred to the Hoops Parties to enrich them at the expense of the Debtors, their estates, and creditors." (Document 2021 at 2-3.) In particular, the Debtors assert that extensive briefing on the motion was submitted, establishing that tens of millions of dollars of unexplained transactions and financial dealings occurred between the Debtors and the Hoops Parties.

The Debtors argue that their supplemental memorandum and the Declaration of David J. Beckman "establish, among other things, that: Mr. Hoops placed assets in the names of family members and trusts with a desired result of placing them beyond the reach of creditors; Mr. Hoops continued to act on behalf of, and to seek to direct transactions with the Debtors regarding, Hoops Parties in which Hoops family members and others held the ownership and governance positions; Mr. Hoops received financial transfers through United Bank accounts associated with amounts owed to the Debtors, not to him; and the Hoops Parties engaged in tens of millions of dollars of related party transactions with the Debtors that frequently are unexplained or not documented in

an ordinary manner." (Document 2021 at 4.) The Debtors also argue that United Bank did not object to the motion.

On June 24, 2020, however, after the Debtors' response was filed, United Bank filed a motion to discontinue response to the Debtors' Rule 2004 requests because the Debtors filed a complaint initiating an adversary proceeding against United Bank on June 1, 2020. (Document 2125 at 1.) In particular, the Debtors argue that because an adversary proceeding has been initiated, any further examination or production pursuant to Rule 2004 should be suspended, and further discovery should be limited and conducted as set forth in Rules 26 to 37 of the Federal Rules of Civil Procedure, as incorporated by Rule 7026 to 7037 of the Federal Rules of Bankruptcy Procedure.

Rule 2004 is the "basic discovery device used in bankruptcy cases." *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997) (quoting *In re French*, 145 B.R. 991, 992 (Bankr. D. S.D. 1992)). Rule 2004 is "appropriate for revealing the nature and extent of the bankruptcy estate and for discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (quoting *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000) (internal quotation marks and citations omitted)). As such, a Rule 2004 examination has been classified as broad and unfettered and "is commonly recognized as more in the nature of a fishing expedition." *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (quoting *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N. D. N.Y. 1996)). Use of Rule 2004 examinations may not, however, be used for purposes of abuse or harassment, or for discovery of matters not relevant to the basic inquiry. *Id.*

Moreover, Rule 2004 discovery is not permitted once an adversary proceeding has been initiated. There is a "well-recognized rule that once an adversary proceeding or contested matter

10

is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *Enron Corp.*, 281 B.R. at 840; *Bennett Funding*, 203 B.R. at 28; *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997); *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). "A Rule 2004 examination is undertaken *prelitigation*, that is, before the filing of a lawsuit or motion, whereas discovery in the context of the Federal Rules of Civil Procedure is *pretrial*, that is, after the filing of a complaint or motion, but before a hearing on dispositive motions or trial on the merits." *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997). Application of the Federal Rules of Civil Procedure to discovery in the context of an adversary proceeding stems from a concern about "the use of Rule 2004 examinations to circumvent the safeguards and protections of the Federal Rules of Civil Procedure." *Washington Mut., Inc.*, 408 B.R. at 51.

Because the Debtors filed a complaint initiating an adversary proceeding against United Bank on June 1, 2020, the Court finds that *United Bank's Motion to Discontinue Response to Debtors' Rule 2004 Requests* (Document 2117) should be granted. Discovery from United Bank must now proceed according to the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, instead of pursuant to Rule 2004. Accordingly, both the ruling contained in the *Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1948) and the *Objections of Jeffery A. Hoops and Certain Other Individuals and Entities to Magistrate Aboulhosn's Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing*

*Examinations and Written Discovery Directed to United Bank* (Document 2021) are now rendered moot.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that *United Bank's Motion to Discontinue Response to Debtors' Rule 2004 Requests* (Document 2117) be **GRANTED**. The Court further **ORDERS** that the ruling contained in the *Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 1948 be **HELD FOR NAUGHT** and the *Objections of Jeffery A. Hoops and Certain Other Individuals and Entities to Magistrate Aboulhosn's Order Approving the Joint Ex Parte Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examinations and Written Discovery Directed to United Bank* (Document 2021) be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Honorable Omar J. Aboulhosn, United States Magistrate Judge for the Southern District of West Virginia, to the Honorable Benjamin A. Kahn, United States Bankruptcy Judge for the Middle District of North Carolina, to counsel of record, and to any unrepresented party.

ENTER:    July 14, 2020

*signature*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA