# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE<br><br>BLACKJEWEL, L.L.C.,<br>BLACKJEWEL HOLDINGS, L.L.C.,<br>REVELATION ENERGY HOLDINGS, LLC<br>REVELATION ENERGY, LLC<br>REVELATION MANAGEMENT CORP.,<br>DOMINION COAL CORPORATION,<br>HAROLD KEENE COAL CO. LLC,<br>VANSANT COAL CORPORATION,<br>LONE MOUNTAIN PROCESSING, LLC,<br>POWELL MOUNTAIN ENERGY, LLC,<br>CUMBERLAND RIVER COAL LLC,<br><br>*Administratively Consolidated*<br><br>Debtors-in-Possession. | CASE NO. 3:19-BK-30289<br>CASE NO. 3:19-BK-30290<br>CASE NO. 3:19-BK-30291<br>CASE NO. 3:19-BK-30292<br>CASE NO. 3:19-BK-30293<br>CASE NO. 3:19-BK-30323<br>CASE NO. 3:19-BK-30324<br>CASE NO. 3:19-BK-30325<br>CASE NO. 3:19-BK-30326<br>CASE NO. 3:19-BK-30327<br>CASE NO. 3:19-BK-30328<br><br>CHAPTER 11<br><br>JUDGE IRENE C. BERGER |

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Debtors' Motion for Reconsideration of the Memorandum Opinion and Order Granting United Bank's Motion to Discontinue Response to Debtors' Rule 2004 Requests* (Document 2206), and *United Bank's Response to Debtors' Motion for Reconsideration of the Memorandum Opinion and Order Granting Motion to Discontinue Response to Debtors' Rule 2004 Requests* (Document 2246). For the reasons stated herein, the Court finds that the Debtors' motion should be denied.

On July 14, 2020, this Court entered a Memorandum Opinion and Order, finding that *United Bank's Motion to Discontinue Response to Debtors' Rule 2004 Requests* (Document 2117) should be granted because the Debtors initiated an adversary proceeding against United Bank on

June 1, 2020.  On July 24, 2020, the Debtors filed a motion for reconsideration of this Court's order, arguing that Rule 2004 discovery should be permitted against United Bank because the pending proceeding rule is discretionary and some of the information sought from United Bank is not related to the pending adversary proceeding.  On August 7, 2020, United Bank filed a response, in which it asserts that this Court should deny the motion for reconsideration because United Bank properly complied with production of responsive documents to the Debtors' Rule 2004 requests prior to entry of this Court's order, and all information sought by the Debtors is related to the pending adversary proceeding.

As a general matter, any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  "Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light."  *Carlson v. Boston Scientific Corporation*, 856 F.3d 320, 325 (4th Cir. 2017).  There are limits, however, to the discretion that Rule 54(b) provides.  *Id.*  The Fourth Circuit has held that three circumstances allow a court to revise an interlocutory order: (1) "a subsequent trial produces substantially different evidence;" (2) a change in applicable law; or (3) clear error causing manifest injustice.  *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).

For purposes of the pending motion, none of those circumstances exist.  In the previously entered order, this Court carefully considered the applicable law and the factual background regarding the discovery dispute.  The Court's decision was not based on a lack of response by the

Debtors, but instead was based on the caselaw regarding the pending proceeding rule and the relevant facts. The Debtors have not put forth any new evidence, demonstrated a change in the applicable law, or shown that a clear error occurred. As such, the Court finds that the motion for reconsideration should be denied.

Wherefore, after careful consideration, the Court **ORDERS** that the *Debtors' Motion for Reconsideration of the Memorandum Opinion and Order Granting United Bank's Motion to Discontinue Response to Debtors' Rule 2004 Requests* (Document 2206) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Honorable Benjamin A. Kahn, United States Bankruptcy Judge for the Middle District of North Carolina, to counsel of record, and to any unrepresented party.

ENTER:    August 17, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA