**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-30289 |
| | ) | |
| Former Debtors.[1] | ) | (Jointly Administered) |

**LIQUIDATION TRUSTEE'S REPLY IN SUPPORT OF
MOTION FOR ENTRY OF AN ORDER APPROVING CERTAIN (I) CLAIMS
OBJECTION PROCEDURES AND (II) RELATED CLAIM HEARING PROCEDURES**

David J. Beckman, in his capacity as liquidation trustee (the "Trustee") of the Blackjewel

Liquidation Trust (the "Trust"), successor for certain purposes to the debtors and debtors-in-

possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby files this

reply in support of the *Liquidation Trustee's Motion for Entry of an Order Approving Certain (I)*

*Claims Objection Procedures and (II) Related Claim Hearing Procedures* [Docket No. 3693] (the

"Procedures Motion")[2] and in response to the *Objection of the United States Secretary of Labor to*

*the Motion by the Liquidation Trustee for an Order Approving Certain (I) Claims Objection*

*Procedures and (II) Related Claim Hearing Procedures* [Docket No. 3698] (the "Objection") filed

by the Secretary of the United States Department of Labor (the "Secretary").  In support of this

reply, the Trustee respectfully represents as follows:

---

[1] The former Debtors in these chapter 11 cases and the last four digits of each former Debtor's former taxpayer
identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation
Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605);
Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785);
Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal
LLC (2213).  The mailing address for each of the former Debtors is located at 999 17th Street, Suite 700, Denver,
Colorado 80202, Attn: David J. Beckman.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Procedures
Motion or Plan, as applicable.

**REPLY**

1.      Notwithstanding the Secretary's assertions in the Objection to the contrary, these cases are progressing in a manner consistent with the Plan, Confirmation Order, and Liquidating Trust Agreement.  As of January 9, 2023, the Trust had a cash balance of $11,288,966.41.  In addition to the cash currently on hand, the Trustee continues to pursue material assets of the Trust, including, without limitation, claims and causes of action totaling approximately $20 million against Kopper Glo Mining, LLC and INMET Mining, LLC, as well as certain significant real estate assets not otherwise transferred during the Debtors' chapter 11 cases.  The Trustee believes that certain other residual assets of the Debtors may exist and will continue in his efforts to realize and liquidate those assets as well.

2.      Given the significant assets that are currently property of the Trust, the Trustee believes that there is a reasonable likelihood of distributions to secured and administrative Claimants in the future.  To facilitate those distributions, however, the Trustee must commence a reasonable and, most importantly, cost effective Claims reconciliation process to avoid waste and ensure that only those parties with valid, Allowed Claims under the Plan receive a distribution. The procedures proposed by the Trustee in the Procedures Motion represent the most practical means of doing so and are designed to minimize cost and maximize distributions to the holders of Allowed Claims against the Debtors' estates.

3.      Indeed, absent a situation where the Trust had no remaining assets, under the terms of the Plan, Confirmation Order, and Liquidating Trust Agreement, the Trustee is compelled to seek to reconcile Claims and distribute the Trust's assets to the Debtors' valid creditors.  As set forth in the Procedures Motion, there are 1,475 secured and administrative/priority Claims against the Debtors' estates totaling more than $3.3 billion.  There are also 1,630 unsecured Claims that

2

have been filed that may require review and reconciliation in the future.  The unsecured Claims

pool totals more than $5 billion.[3]

4.      The Procedures Motion is not an attempt "to overrule the judgment of the

promulgators of Bankruptcy Rule 3007."  Obj. at page 5.  Instead, as the Procedures Motion

indicates, Bankruptcy Rule 3007(c) permits a debtor to file Claim objection "in accordance with

Bankruptcy Rule 3007(d) or as 'ordered by the court.'"  Procedures Motion ¶ 25.  The purpose of

the Procedures Motion is to utilize omnibus claim objection procedures that have been approved

in other courts, including this Court, to efficiently resolve the outstanding Claims in the most

cost-effective manner possible.  *Id.* ¶ 2.  Filing individual substantive objections, as opposed to

omnibus objections, to the number of Claims that must be reconciled here would be highly

inefficient and counterproductive to that purpose, at best.

5.      Accordingly, for all the reasons set forth herein and in the Procedures Motion, the

Trustee requests that the Court overrule the Objection and grant the relief requested in the

Procedures Motion.

## **RESERVATION OF RIGHTS**

6.      This reply is limited to the grounds stated herein.  Accordingly, it is without

prejudice to the rights of the Trustee or any other party in interest to respond in opposition to the

---

[3] For the avoidance of doubt, the Trustee intends to first reconcile administrative and secured Claims asserted against
the Debtors.  Following that process, the Trustee will be in a better position to determine if there are sufficient assets
to justify a claims reconciliation process for unsecured Claims.

Objection on any other grounds whatsoever, and the Trustee expressly reserves all further substantive or procedural arguments that may be available.

## NOTICE

7.       The Trustee, with the assistance of his claims and noticing agent, will provide notice of this reply by email and/or first-class mail to:  (a) the Office of the United States Trustee for the Southern District of West Virginia, (b) the Debtors' prepetition secured lenders, (c) the Office of the United States Attorney for the District of West Virginia, (d) the Internal Revenue Service, (e) counsel to the Secretary, and (f) all parties requesting notices pursuant to Bankruptcy Rule 2002.  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Trustee respectfully requests that the Court (a) overrule the Objection,

and (b) grant the relief requested in the Procedures Motion, as revised in **Exhibit A** hereto.[4]

DATED:  January 9, 2023

**SUPPLE LAW OFFICE, PLLC**

Joe M. Supple, Bar. No. 8013
801 Viand St.
Point Pleasant, WV 25550
Telephone: 304.675.6249
Facsimile: 304.675.4372
joe.supple@supplelawoffice.com

– and –

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Stephen D. Lerner*
Stephen D. Lerner (admitted *pro hac vice*)
Scott A. Kane (admitted *pro hac vice*)
Travis A. McRoberts  (admitted *pro hac vice*)
Kyle F. Arendsen (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
scott.kane@squirepb.com
travis.mcroberts@squirepb.com
kyle.arendsen@squirepb.com

*Co-Counsel to the Blackjewel Liquidation
Trust, LLC*

---

[4] The proposed order submitted with the Procedures Motion (the "Proposed Order") has been revised to incorporate certain informal comments from the Office of the United States Trustee for Region 4 and various Federal Government agencies.  A blackline comparing the current Proposed Order originally submitted with the order filed with the Procedures Motion is attached hereto as **Exhibit B**.