**Exhibit B**

**Proposed Order Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Blackjewel, L.L.C., *et al.*, | ) | Case No. 19-30289 |
| | ) | |
| Former Debtors.[1] | ) | (Jointly Administered) |

**ORDER APPROVING CERTAIN (I) CLAIM**
**OBJECTION PROCEDURES AND (II) RELATED CLAIM HEARING PROCEDURES**

Upon the *Liquidation Trustee's Motion for Entry of an Order Approving Certain (I) Claims Objection Procedures and (II) Related Claim Hearing Procedures* (the "Motion")[2] for entry of an order approving (a) the Claims Objection Procedures and (b) the Claim Hearing Procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper

---

[1] The former Debtors in these chapter 11 cases and the last four digits of each former Debtor's taxpayer identification number are as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213). The mailing address for each of the former Debtors is located at 999 17th Street, Suite 700, Denver, Colorado 80202, Attn: David J. Beckman.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Motion.

before this Court under 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b); and due and proper notice having been given to the parties listed in the Motion, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Trust, its estates, creditors, and equity security holder; and upon due deliberation and sufficient cause appearing thereof,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Trustee is authorized to object to Claims and implement hearing procedures in accordance with the processes and procedures set forth in the Motion.

3. The Trustee is authorized to take any and all steps that are necessary or appropriate to implement the Claims Objection Procedures and Claim Hearing Procedures.

4. The Trustee is authorized to utilize the form of the Claim Objection Notice, which is attached hereto as **Exhibit 1**, and the form of the Notice of Merits Hearing, which is attached hereto as **Exhibit 2**.

5. Nothing in this Order shall constitute an admission of the validity, nature, amount, or priority of any Claims asserted in these chapter 11 cases.

6. Entry of this Order is without prejudice to the rights of the Trustee to seek authorization to modify or supplement the relief granted herein.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.  The Trustee is authorized to take all reasonable actions to effectuate the relief granted in this Order.

9.  If there is any direct conflict between the terms of the Plan and the terms of this Order, the terms of the Plan and Confirmation Order shall control.  The Claims Objection Procedures and Claim Hearing Procedures do not apply to Claims previously Allowed (as defined in the Plan) pursuant to the Plan, the Confirmation Order, or other prior order of this Court.

9.10.  Proper, timely, adequate, and sufficient notice of the Motion was provided and no other or further notice of the Motion or of the entry of this Order is required.

10.11.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  This Order shall be effective immediately upon entry.

11.12.  The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

3

Presented By:

**SUPPLE LAW OFFICE, PLLC**

Joe M. Supple, No. 8013
801 Viand St.
Point Pleasant, WV 25550
Telephone: 304.675.6249
Facsimile: 304.675.4372
joe.supple@supplelawoffice.com

– and –

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Stephen D. Lerner*
Stephen D. Lerner (admitted *pro hac vice*)
Travis A. McRoberts (admitted *pro hac vice*)
Kyle F. Arendsen (admitted *pro hac vice*)
201 E. Fourth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
travis.mcroberts@squirepb.com
kyle.arendsen@squirepb.com

*Co-Counsel to the Blackjewel Liquidation Trust, LLC*