IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

IN RE: BLACKJEWEL L.L.C, *et al.*,

      Former Debtors

KOPPER GLO MINING, LLC, and
INMET MINING, LLC,

      Appellants,

v.

BLACKJEWEL LIQUIDATION TRUST,
by and through DAVID J. BECKMAN,
TRUSTEE,

      Appellee.

CIVIL ACTION NO.   3:22-00570
BANKRUPTCY CASE NO. 3:19-30289

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Appellants Kopper Glo Mining, LLC and INMET Mining, LLC's Motion for Leave to File Interlocutory Appeal. ECF No. 1-6. Appellee Blackjewel Liquidation Trust by and through David J. Beckman, Trustee, oppose the motion. Appellants did not file a Reply. For the following reasons, the Court agrees with Appellee and **DENIES** Appellants leave to file an interlocutory appeal.

**I.
BACKGROUND**

The underlying issue that gives rise to the current motion stems from an adversary proceeding brought by Appellee, "as successor for certain purposes of the estates of the former debtors and debtors-in-possession" in a pending chapter 11 bankruptcy case. *In re Blackjewel L.L.C.*, No. 19-30289, 2022 WL 17184810, at *1 (Bankr. S.D. W. Va. Nov. 23, 2022) (footnotes

omitted). During the bankruptcy proceedings, the Debtors and INMET entered into agreements for INMET to purchase certain mining operations and assets. *Id.* at *2. The Bankruptcy Court approved the sale, which included an Assignment Agreement and two Royalty Agreements. *Id.* at *3.

Under the Assignment Agreement, INMET agreed to make a payment to Debtors in exchange for permits, real property, leases, and equipment. The Assignment Agreement also contains a forum selection clause providing that all proceedings related to the Agreement must be filed and maintained in the bankruptcy court.[1] On the other hand, the Royalty Agreements obligate Kopper Glo to make certain specified payments, and it provides that all disputes must be brought in Kentucky. *Id.*[2]

---

[1]The forum selection clause in the Assignment Agreement states:

> This Agreement and the transfer of the Purchased Assets effected hereby are subject to the term of the Sale Order. The Bankruptcy Court will retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any claims or disputes, which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transaction contemplated under this Agreement. Any and all proceedings related to the foregoing will be filed and maintained only in the Bankruptcy Court, and the parties hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court for such purposes . . . .

*Id.* (citation omitted).

[2]The forum selection clause in the Royalty Agreements provide in full:

> This Agreement shall be governed by and construed in accordance with the internal laws of the Commonwealth of Kentucky . . . . The parties agree to unconditionally and irrevocably submit to the exclusive jurisdiction of the State Courts located in Fayette County, Kentucky (or in the event (but only in the event) that such court does not have subject matter jurisdiction over such proceeding, in the

After trouble started brewing regarding performance under the Agreements, Appellee commenced an adversary proceeding in the bankruptcy court against INMET and Kopper Glo[3] seeking "declaratory relief, specific performance, and monetary damages for breach of contract[.]" *Id.* at *1. Appellants, however, assert that Appellee's Complaint should have been brought in Kentucky under the forum selection clauses in the Royalty Agreements and, therefore, they moved to dismiss the Complaint for improper venue. *Id.* at *2. Ultimately, the bankruptcy court found it has subject matter jurisdiction over the proceeding and the action constitutes a core proceeding within the bankruptcy case. *Id.* at *5. Additionally, the bankruptcy court held that, irrespective of any forum selection clause, venue in the bankruptcy court is proper under federal law and, despite conflicting forum selection clauses, a balancing of factors weigh in favor of venue remaining in the bankruptcy court. *Id.* at *7-10. Therefore, the bankruptcy court denied Appellants' Motion to Dismiss. Appellants now seek to appeal this decision.

## II.
## DISCUSSION

At this point, the sole issue before this Court is whether Appellants should be permitted to file an interlocutory appeal. Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction

---

> United States District Court for the Eastern District of Kentucky) and any appellate court from any thereof, for the resolution of any disputes based on or arising out of this Agreement. The parties hereby waive, to the fullest extent permitted by applicable law, any objection which they may now or hereafter have to the laying of venue of any such dispute brought in such court or any defense of inconvenient forum for the maintenance of such dispute.

*Id.* (internal quotation marks and citation omitted).

[3]The adversary proceeding also was filed against LR-Revelation Holdings, L.P, but it is not named as an Appellant before this Court.

to hear such appeals,[4] and the decision to grant or deny leave rests within this Court's sound discretion. *In re Wallace & Gale Co.*, 72 F.3d 21, 25 (4th Cir. 1995) ("Under § 158(a), the decision whether to grant leave to appeal from a bankruptcy court's interlocutory order is committed to the district court's discretion."). "In seeking leave to appeal an interlocutory order or decision, the appellant must demonstrate 'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Flamingo Props., LLC v. Bledsoe*, No. 7:21-cv-171-BO, 2022 WL 3273717, at *1 (E.D. N.C. July 14, 2022) (quoting *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd.*, 250 B.R. 74, 78 (E.D. Va. 2000)). "[A] district court's analysis of a motion for interlocutory appeal mirrors the analysis employed by our Court of Appeals to certify interlocutory review under 28 U.S.C. § [1292(b)]." *In re Salau*, No. 1:15-cv-11078, 2016 WL 183703, at *2 (S.D. W. Va. Jan. 14, 2016) (citations omitted). Under this standard, leave should be granted only when exceptional circumstances demonstrate "'1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation.'" *KPMG Peat Marwick*, 250 B.R. at 78 (quoting *Atlantic Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va.1996)). All three of these criteria must be satisfied for the Court to grant leave to appeal an interlocutory order. *Id*. at 79 (citation omitted).

### A.
### Controlling Question of Law

As to the first criteria, the Fourth Circuit has stated in discussing § 1292(b) that a "pure question of law" is "an abstract legal issue that the court of appeals can decide quickly and

---

[4] Section 158(a)(3) provides that, "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from other interlocutory orders and decrees [] of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title" 28 U.S.C. § 158(a)(3).

cleanly." *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (internal quotation marks and citation omitted). In other words, it constitutes "a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Id.* (internal quotation marks and citation omitted). A "pure question of law" does not exist where "the question presented turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id*. (internal quotation marks and citations omitted). Interlocutory review is best used when there "is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *KPMG Peat Marwick, L.L.P.*, 250 B.R. at 78 (internal quotation marks and citation omitted).

Determinations denying venue changes in bankruptcy court, such as here, typically call for fact-specific inquires and discretionary decisions that are not subject to interlocutory appeals. *In re Swann Ltd. P'ship*, 128 B.R. 138, 141-42 (D. Md. 1991) (citations omitted). Indeed, in this case, the bankruptcy court made factual determinations (e.g., what was the most convenient venue)[5] and decided the balance of the case-specific factors it considered weighed in favor of it having proper venue. Although Appellants argue the bankruptcy court wrongly decided the venue issue which could result in reversable error of a final judgment on appeal, the bankruptcy court clearly made factual findings underlying its decision, and the issue is not presented to this Court as "a pure question of law" that can be decided "quickly and cleanly." *United States ex rel. Michaels*, 848 F.3d at 340.

---

[5] *In re Blackjewel L.L.C.*, 2022 WL 17184810, at *10.

Additionally, Appellee asserts Appellants' bankruptcy court motion actually only involves "three of seven claims brought . . . in the adversary proceeding [so they] cannot demonstrate that resolution of the venue issue presented in their motion for leave 'will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes.'" *Blackjewel Liquidation Tr.'s Opp. to Defs.' Mot. for Leave to File Interlocutory Appeal*, at 12, ECF No. 4 (quoting *KPMG Peat* Marwick, 250 B.R. at 78. As Appellants did not file a Reply, they have not contested Appellee's factual assertion. Thus, accepting that only part of the claims raised in the adversary proceeding are at issue here and observing that the bankruptcy court's decision includes factual findings, the Court finds these reasons, either separately or in combination, are sufficient to find Appellants have failed to satisfy the first criteria that the issue before this Court presents a pure or controlling issue of law.

**B.
Substantial Ground for a
Difference of Opinion**

Turning next to whether "there is substantial ground for a difference of opinion," it is not enough that "a party merely believes that the district court wrongly decided the issue or incorrectly applied the governing legal standard." *Karanik v. Cape Fear Acad., Inc.*, No. 7:21-cv-169-D, 2022 WL 16556774, at *5 (E.D. N.C. Oct. 31, 2022) (citations omitted). Rather, there must be "genuine doubt" about whether the correct legal standard was applied or if "a novel and difficult issue of first impression" exists. *Id.* (citations and internal quotation marks omitted). In this case, Appellants assert they meet this standard because "there is a substantial difference of opinion as to the law regarding the 'clear majority' rule adopted by some federal courts" when courts evaluate competing forum selection clauses. *Mot. of Defs. Kopper Glo and INMET for Leave to File Interlocutory Appeal*, at 7, ECF No. 1-6. Specifically, Appellants argue that "more than 90% of

the amount in controversy in the adversary proceeding arises from alleged breaches of the Royalty Agreements" and that the bankruptcy court should have enforced the Kentucky forum selection clauses in the Royalty Agreements because that is where the majority of the claims arose. *Id*. at 2, 7 (citing *Bio World Merch. v. Interactive Bus. Info. Sys., Inc.*, No. 3:19-cv-2072-E, 2020 WL 6047605, *5 (S.D. Tex. Oct. 9, 2020) (giving controlling weight to forum selection clauses in contracts under which the majority of issues arose and not to the conflicting forum selection clause in a contract that had a relatively minor role in the dispute)). Appellants argue that, as there are no cases in the Fourth Circuit adopting what Appellants refer to as the "clear majority" rule when there are competing forum selection clauses, this Court should clarify the issue for future litigants. *Id*. The Court disagrees.

In this case, Appellants argued the so-called "clear majority" rule in the bankruptcy court, and the bankruptcy court expressly considered it. However, the bankruptcy court found the Royalty Agreements could not stand alone or exist without the Assignment Agreement and "all three contracts govern a single, integrated acquisition or assets." *In re Blackjewel*, 2022 WL 17184810, *9. Thus, based on the facts before it, the bankruptcy court decided it made "no sense to parse the transaction" to litigate part in Kentucky. *Id.*

In light of the bankruptcy court's analysis, the Court finds its decision is not one where "there is substantial ground for a difference of opinion." *KPMG Peat Marwick*, 250 B.R. at 78. Rather, it is a case in which Appellants simply are unhappy with the bankruptcy court's decision that this factor was not enough to move the needle in favor of Kentucky. Moreover, it has been recognized that where "a controlling issue of law is not implicated," as this Court found

above, "it follows that substantial grounds for a difference of opinion do not exist." *In re Salau*, No. 1:15-11078, 2016 WL 183703, at *3 (S.D. W. Va. Jan. 14, 2016) (citing *DSP Acquisition, LLC v. Free Lance-Star Publ'g Co. of Fredericksburg*, Va., 512 B.R. 808, 813 (E.D. Va. 2014) ("Obviously, without a controlling question of law affected by the appeal, there cannot be substantial grounds for a difference of opinion on that legal issue.")). Furthermore, the Court rejects Appellants' argument that it should clarify the "clear majority" rule for future litigants. "It is among 'the oldest and most consistent thread[s] in the federal law of justiciability . . . that the federal courts will not give advisory opinions[.]'" *United States v. Batato*, 833 F.3d 413, 422 (4th Cir. 2016) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968) (quotation marks omitted in *Batato*)). Therefore, the Court finds Appellants have failed to establish the second criteria required to file an interlocutory appeal.

### C.
### Materially Advancing the
### Termination of Litigation

Lastly, the Court likewise disagrees with Appellants' arguments that allowing an immediate appeal will materially advance the end of this litigation. In this regard, Appellants only make conclusory statements that an interlocutory appeal "would undoubtedly advance the termination of this Adversary Proceeding" and, "[i]f this District Court finds that the Bankruptcy Court erred in denying the . . . Motion to Dismiss for Improper Venue, it would not only materially advance the termination of the litigation but could ultimately end it." *Mot. of Defs.' Kopper Glo and INMET for Leave to File Interlocutory Appeal*, at 9 (citation omitted). Yet, it appears to the Court that, even if this Court were to find the bankruptcy court erred with respect to venue, the underlying contract issues remain. This Court has no reason to believe that the Trustee will simply give up on over $17,000,000 in claims under the Royalty Agreements because it would not be

worth the effort to continue the litigation in Kentucky. Additionally, not only will the litigation almost certainly continue, the Court agrees with Appellee that litigating the Royalty Agreements in Kentucky while litigating the related Assignment Agreement in the bankruptcy court most likely will complicate and prolong the proceedings. Therefore, the Court finds nothing to support Appellants' arguments that an immediate appeal will materially advance the termination of this litigation.

### III.
### CONCLUSION

Accordingly, for the reasons stated above, the Court finds Appellants have failed to demonstrate that they can meet any of the criteria—not alone all three as required—for leave to file an interlocutory appeal. Thus, the Court **DENIES** Appellants' Motion for Leave to File Interlocutory Appeal. ECF No. 1-6. The Court further **DIRECTS** the Clerk of Court to close this action and remove it from the active docket of the Court.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the Honorable Benjamin A. Kahn, United States Bankruptcy Judge, counsel of record, and any unrepresented parties.

ENTER:   May 15, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE